PER CURIAM.
By this appeal John Joseph Gagliano contests an order of the Juvenile Court of Bay County relinquishing jurisdiction in the cause and certifying the charges lodged against him to the Circuit Court to be dealt with as if he were an adult.
Appellant states the points on appeal as: Did the order appealed meet with the essential requirements of the law? and Was the order supported by the evidence?
In relinquishing jurisdiction and transferring a cause to the Circuit Court, the Juvenile Court should proceed pursuant to the provisions of Section 39.02(6) (a), Florida Statutes 1967, F.S.A., which provides :
“If the judge deems that any child brought into juvenile court as a delinquent child, who is fourteen (14) years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be transferred to the court which would have jurisdiction of the child if the child were an adult, the judge may, after hearing, enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if the child were an adult, and thereafter the child shall be subject to the jurisdiction of the other court as if the child were an adult. Jurisdiction shall not be waived until a hearing is held in the juvenile court pertaining to waiver of jurisdiction and the judge shall, by written order, determine ,that it is in the best interest of the public that jurisdiction be waived. When this finding is based upon social histories, or psychological or phy-chiatric reports, the child, his parents, guardian or counsel shall have the right *160 to examine these reports and to question the parties responsible for them at a hearing in the juvenile court.” (Emphasis supplied.)
The Judge of the Juvenile Court in the instant cause prior to waiving jurisdiction held an extensive hearing in which testimony was adduced in the presence of the Court, and upon conclusion of the hearing entered the controverted order. As stated above, appellant contends that the evidence adduced before the Judge cannot, viewed in any light, support the order entered. We do not agree.
However, we do hold that the order appealed does not meet the essential requirements of the law. Prior to 1967 the statute simply required that the Juvenile Judge enter, an order waiving jurisdiction and certifying the case to the court which would have jurisdiction.[1] The contents of the instant order apparently track the statutory provision in force prior to the amendment of same in 1967, when the legislature made a material change by providing that the judge determine that it is in the best interest of the public that jurisdiction be waived, and the amended statute apparently contemplates that the judge make specific findings pertaining thereto. See B. P. W. v. State.[2]
It is our view that there is an adequate transcript of testimony from which ■ the Juvenile Judge may make his findings in rendering an order complying with the present statutory provisions, and another evidentiary hearing is not required. This cause is remanded to the Juvenile Judge for the purpose of entering an appropriate written order setting forth his findings that it is in the best interest of the public that jurisdiction be waived and certifying the case to the Circuit Court.
Affirmed in part; reversed in part.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Section 39.02(6), Florida Statutes 1965, F.S.A.,- provided in part:
“If the judge deems that any child brought into juvenile court as a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be transferred to the court which would have jurisdiction of the child if the child were an adult, * * * the judge shall enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if the child were an adult, * *

. B.P.W. v. State, 214 So.2d 365 (Fla. App.3d 1968).