311 So.2d 193 (1975)
Eddie Joe RICE, Appellant,
v.
STATE of Florida, Appellee.
No. 74-11.
District Court of Appeal of Florida, Second District.
April 9, 1975.
Rehearing Denied May 6, 1975.
James A. Gardner, Public Defender, Sarasota, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellant.
*194 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant appeals a judgment and sentence to five years in prison for the crime of assault with intent to commit second degree murder. The facts of this case as they appear from the record are somewhat confusing but as we glean them the following circumstances led up to the judgment and sentence appealed.
On March 8, 1973, an information was filed charging appellant with assault with intent to commit first degree murder. On March 19, 1973, the State filed a petition under R.J.P. 8.100(c) requesting the Juvenile Division of the Circuit Court to waive jurisdiction and certify the case for trial as if the child were an adult. The next day the court entered its order granting such petition without holding a hearing as provided for under Rule 8.110(b) and without stating in its order that it is in the best interest of the public that juvenile jurisdiction be waived.
On March 22, 1973, a petition was filed in the Juvenile Division of the Circuit Court charging the assault with intent to commit first degree murder as the basis for an adjudication of delinquency. The record discloses no disposition of this petition. The record next discloses that appellant entered a plea of not guilty at his arraignment in the Criminal Division of the Circuit Court as an adult on April 2, 1973. On April 19, 1973, appellant appeared in the Criminal Division of the Circuit Court and entered a negotiated plea of guilty to assault with intent to commit second degree murder with the understanding that he would be referred to the Division of Youth Services. The court then adjudged appellant a delinquent minor and committed him to the custody of the Division of Youth Services until he was 21 or discharged by the Division. Adjudication of guilt of the assault with intent to commit second degree murder charge was withheld and the court retained jurisdiction.
On September 21, 1973, the State filed a motion to vacate the order adjudging appellant a delinquent minor and committing him to the custody of the Division of Youth Services on the ground that appellant had escaped the custody of Youth Services. On October 11, 1973, the court granted the motion to vacate, adjudged appellant guilty of assault with intent to commit second degree murder, and ordered a PSI. Appellant filed a motion to withdraw his guilty plea which was denied on December 31, 1973, and at the same time the court again adjudged appellant guilty of assault with intent to commit second degree murder and sentenced him to five years in prison. This is the judgment and sentence appealed herein.
The State contends that the trial court was authorized to proceed in the manner outlined above under authority of Fla. Stat. § 959.115(5)(b). The fallacy of the State's position is that the appellant was never legally under the jurisdiction of the Criminal Division of the Circuit Court as an adult because of the failure of the trial court to follow the mandatory provisions of R.J.P. 8.100(c) and R.J.P. 8.110(b).
The Criminal Division of the Circuit Court, never having jurisdiction of the appellant, was without authority to enter the judgment and sentence appealed.
For the foregoing reasons the judgment and sentence is set aside and vacated.
McNULTY, C.J., and GRIMES, J., concur.