PER CURIAM.
Appellant D.A.B., 17 years of age, in a petition for delinquency, was charged with *41 7 counts, including sexual battery, assault, robbery, and sexual battery with use of a deadly weapon. Subsequent thereto, the State moved the juvenile division of the circuit court for an order waiving its jurisdiction and certifying the case for trial as if D.A.B. were an adult. The juvenile court, after hearing, entered its order transferring jurisdiction of the case to the criminal division of the circuit court. It is from this order that D.A.B. takes his appeal.
The sole question raised by D.A.B. is whether or not he was deprived of his right to confront and cross-examine the court appointed psychiatrist whose report was read by the trial judge and argued by the prosecutor at the waiver hearing.
Section 39.09(2) (e), Fla.Stat., in part states:
“The child or his parents, guardians, or counsel shall have the right to examine these reports and to question the parties responsible for them at the hearing.”
Rule 8.110(b)(5), RJP, states:
“At this state of the hearing, the Court may accept in evidence social histories, and psychological and psychiatric reports, but the child and his counsel shall be entitled to examine such reports and, upon demand, to question the parties responsible for them.”
At the waiver hearing, the prosecutor requested the court to consider the report of the court appointed psychiatrist which was in the court file. The court inquired of counsel for D.A.B. if he objected, and counsel replied that the trial court had a right and was free to read it and “take it for its weight but not to be admitted as an exhibit. If such were the case I would ask the doctor to be brought before the court.” The court read the report but did not specifically admit the report as an exhibit although he did permit a portion of it to be read to him at closing argument.
We are of the opinion that when counsel for the appellant, D.A.B., advised the trial judge to read the report and “take it for its weight,” without cross examination, this was tantamount to a waiver of D.A.B.’s right of confrontation and cross examination of the psychiatrist. Under the circumstances as presented, the trial judge was under no duty to require the presence of the psychiatrist and the record is devoid of counsel’s demand to have him present. Appellant had the right under § 39.09 (2)(e), Fla.Stat., and Rule 8.110(b)(5), RJP, to examine the report prior to trial and call the psychiatrist as a witness if he so desired.
Accordingly, the order is affirmed.