332 So.2d 30 (1976)
William Rodney SPENCER and Willie James Van Horn, Appellants,
v.
STATE of Florida, Appellee.
Nos. Y-504, Z-195 and Z-211.
District Court of Appeal of Florida, First District.
May 18, 1976.
*31 Richard W. Ervin, III, Public Defender, David J. Busch, and Louis G. Carres, Asst. Public Defenders, for appellants.
Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Three separate appeals involving two defendants who participated in a single criminal episode have been consolidated. Appellant Spencer, a 16-year old juvenile, appeals the order of the juvenile court (Juvenile Division of the Circuit Court) waiving jurisdiction and transferring him to Circuit Court (Criminal Division) to be tried as an adult, and the judgments and sentences relative to his conviction for one count of sexual battery and two counts of kidnapping. Appellant Van Horn appeals the judgments and sentences he received for sexual battery, bare assault, and two counts of kidnapping. Both appellants challenge the sufficiency of the evidence, and appellant Spencer argues that the juvenile court order waiving jurisdiction failed to contain required findings.
At trial, the evidence revealed that around midnight on April 4, 1975, appellants were driving an automobile in Daytona Beach and noticed three teenage girls from Illinois who were on vacation. Appellants offered the girls a ride which they accepted. The girls expressed a desire to be let out at the Plaza Hotel. Appellants offered to take the girls to a lounge for a drink, but the girls were adamant about being dropped off at the Plaza Hotel. Although appellant Spencer, who was operating the car, slowed down at the Plaza Hotel, he did not stop but proceeded past the hotel. In an attempt to entice appellants to stop the car, the girls suggested that they all go to a lounge in Daytona Beach. However, the car did not stop, except for traffic signals. At a red light, one of the girls, Pamela Morten, managed to exit the automobile. She yelled for her two friends to leave also, but she noticed that appellants prohibited them from doing so. She notified the police as soon as possible.
In the meantime, the car containing appellants and the two teenage females drove onto the beach. Appellant Van Horn went into the back seat and told the girls to quit crying or he would kill them with a gun. After the car stopped, appellant Spencer threatened one of the girls, Lynne Lavelle, with a knife, and told her that if she did *32 not cooperate, he would kill her. He then took her into a remote area of the beach where he attempted oral and vaginal intercourse upon her. Appellant Van Horn remained in the automobile with the third female, Domenica Partipilo. He forced her to engage in sexual intercourse with him, after which he told her that he had a gun. The police, acting upon information given to them by Ms. Morten, appeared on the scene soon thereafter.
We are convinced from the foregoing sequence of events, adduced at trial that the evidence was sufficient to sustain appellants' convictions. Both appellants employed sufficient force to sustain conviction for sexual battery under F.S. § 794.011(3), and the evidence also indicates that the girls resisted sufficiently under the circumstances. The evidence further supports the convictions for kidnapping. All of the girls testified that they were physically restrained from leaving the car despite numerous requests that they be allowed to do so.
The only remaining point concerns the waiver of jurisdiction by the juvenile court as to appellant Spencer. At the time the trial court entered its order waiving jurisdiction, the court was governed by F.S. (1973) § 39.09(2)(f), which provided as follows:
"When a child is transferred for criminal prosecution, the court shall set forth in writing its reasons for finding that there are no reasonable prospects for rehabilitating a child prior to his majority."[1]
Sub judice, the order of transferal falls short of the statutory requirements. Instead of listing the reasons why there were no reasonable prospects of rehabilitating appellant as a juvenile, the trial court merely listed the crimes with which appellant was charged in the delinquency petition, found that there was probable cause to believe that appellant had committed the offenses, and ordered that appellant be transferred to circuit court to be tried as an adult.
Although we have concluded that the transfer order is deficient, we do not deem it necessary to remand for a new transfer hearing. There was sufficient evidence presented to the juvenile court judge at the May 14, 1975 transfer hearing from which he could have concluded that waiver of juvenile court jurisdiction was proper. We therefore remand to the juvenile court judge for the preparation of an order setting forth the reasons for finding (if he should so find) that there are no reasonable prospects for the rehabilitation of appellant Spencer as a juvenile. See Gagliano v. State, Fla.App. 1st 1970, 234 So.2d 159.
IT IS SO ORDERED.
McCORD and RAWLS, JJ., concur.
NOTES
[1] By contrast, F.S. (1975) § 39.09(2)(e) which took effect July 1, 1975, now provides that the juvenile court must only set forth in writing its reasons for the transfer.