369 So.2d 632 (1979)
Willis C. WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2548.
District Court of Appeal of Florida, Fourth District.
March 21, 1979.
Rehearing Denied May 2, 1979.
Richard L. Jorandby, Public Defender, and Joseph R. Atterbury, Asst. Public Defender, West Palm Beach, for appellant.
*633 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by defendant from a conviction and sentence on the charge of robbery with a firearm. Defendant, who was 16 years old at the time of the offense, was sentenced to 53 years and 39 days. He was transferred from the Juvenile Division to the Criminal Division of the Circuit Court and was tried, convicted and sentenced as an adult. Rather than sentencing the defendant to life in prison, the court sentenced defendant to his life expectancy of 53 years and 39 days.
Defendant contends error was committed in the initial order waiving juvenile jurisdiction to the Criminal Division and in the subsequent trial before a jury in the Criminal Division. We find the trial itself to be without error but reverse the waiver order.
Waiver of juvenile jurisdiction here was governed by § 39.09(2) Fla. Stat. (1977). This statute provides in subsection (e) that "when a child is transferred for criminal prosecution, the court shall set forth in writing its reasons for the transfer." In reviewing the trial court's order of December 16, 1977, wherein jurisdiction was waived, we note this order does not contain an actual statement of reasons. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978) for an analagous discussion of the reasons necessary in an order granting new trial.
The first reason stated by the trial court is the serious nature of the offense. This is one of the statutory considerations and appears to be a mere recitation of the consideration rather than any actual finding or record reference about the nature and seriousness of the particular crime. The second stated reason is the history of juvenile offenses of the child. Under the circumstances of this waiver hearing, this was a first offense. While there was a possible overdose of drugs taken by this child when he was 13 or 14 years old, there is no previous offense of which this child has ever been found guilty. The next reason stated is the "failure of the juvenile system to rehabilitate him from criminal acts." The failure was due to the child's never having been within the system of juvenile rehabilitation. The juvenile had never had any true exposure to the juvenile system. The last stated reason is the "report and recommendation of the youth counselor." The trial court could not have relied upon this recommendation since it was strongly and unequivocally against waiver of jurisdiction. The youth counselor who testified was most definitely of the opinion that the child should not be waived but should instead be given the benefit of the juvenile system.
In view of the above, the reasons stated in the order waiving jurisdiction are insufficient. There may well have been valid reasons to waive jurisdiction, but the statute requires that such reasons be stated in the order. This requirement is most assuredly to facilitate intelligent appellate review. Wackenhut Corp. v. Canty, supra. We note that this order is actually a fill-in-the-blank type which merely recites the various statutory considerations. The trial judge simply struck through several of these statutory considerations and left the others as reasons. Under these circumstances we reverse the waiver order and remand the cause to the trial court for the purpose of stating in an order the reasons supporting the waiver.
This individual has already been tried in the Criminal Division and as previously indicated we find no error in the trial and conviction other than the waiver hearing under Chapter 39. We note that a sentence of 53 years and 39 days for a first offender juvenile is certainly out of keeping with the entire concept of juvenile rehabilitation. We are not empowered to act upon the mere harshness of a legal sentence but we, nonetheless, comment upon it. If a 16 year old first offender cannot be rehabilitated under the juvenile system, then a 53 year plus sentence (the life expectancy of that individual) hardly seems the answer. Of course, we realize this defendant will not *634 spend 53 years in prison. He will undoubtedly be released by other public agencies or individuals at an earlier date. The public conception that the trial judge determines how long a defendant remains in prison is a myth which should be realistically re-evaluated. The rhetoric should be made to agree with reality. We feel the sentence here was unreasonably long and probably partially motivated by the total absence of any relationship between the stated sentence and the reality of actual confinement.
The waiver order is vacated and the case remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
MOORE, J., and FRANZA, ARTHUR J., Associate Judge, concur.