SHARP, Judge.
This case involves two timely appeals which were consolidated because they address the same issue. The issue presented is whether a defendant should receive credit for time spent while receiving treatment in the mentally disordered sex offender (MDSO) program against his criminal sentence. The appellants were committed to the Department of Health & Rehabilitative Services for participation in the MDSO program. After receiving maximum benefits from the programs, appellants were returned to the trial courts for sentencing. In each case, credit was given for time served in jail prior to entry in the program, but the judges refused to give the appellants credit for time spent in the program. This was erroneous, and we vacate the sentences and remand these cases to trial courts for correction of the sentences.
Section 917.218, Florida Statutes (1977), provides:
All time spent in the formal custody of the state and in admission procedure by an offender in the mentally disordered sex offender program shall be considered credit lor time served for any sentence imposed on the sex offender or attempted sex offense committed prior to the date the offender was convicted.
Both the First and Second District'Courts of Appeal have held that under section 917.-218 credit should be given for time served in the program. Hall v. State, 358 So.2d 891 (Fla. 2d DCA 1978); Ormanian v. State, 366 So.2d 498 (Fla. 2d DCA 1979); Cawthorne v. State, 371 So.2d 1099 (Fla. 1st DCA 1979).
The term “custody of the state” is not defined in the statute. However, “custody” is used in section 917.19, Florida Statutes (1977):
If the court finds that the defendant is a mentally disordered sex offender, it shall commit the offender to the custody of the department for care, treatment, and rehabilitation.
*539 The “department” means the Department of Health & Rehabilitative Services, a state agency.[1] If a person is committed under this statute, he is put in the custody of the State of Florida, for rehabilitative purposes. But it is nonetheless “custody.” Anyone who has been locked behind such treatment facility doors knows that he has lost the right to leave, upon his own volition, and is in the “custody” of the state authorities.
Further, the statute makes no distinction between custody of the state for punishment purposes, as contrasted with rehabilitative or treatment purposes. Rather, the two spans of custody are made reciprocal. Section 917.218 provides that an offender cannot be committed under this statute for a period of time exceeding the maximum sentence applicable to the crime for which the offender was convicted or to which he pled guilty, unless a civil involuntary commitment hearing is initiated.
The legislative “history” of a statute, although not controlling, often establishes guides and checks on whether the court is arriving at a proper statutory construction. The successor statute to Section 917.218 provides:
Time spent in the treatment programs of the Department of Health and Rehabilitative Services, shall be considered time served on the sentence imposed upon the offender by the court.
Ch. 79-341 Laws of Florida.
The Senate Staff Analysis and Economic Impact Statement of May 31, 1979 to Ch. 79-341, by the Committee on Corrections, Probation and Parole, noted various problems which occurred with Chapter 917. One is involved in this case.
The more serious offender who has been committed to the Department has a substantial incentive to avoid responding to treatment because he faces possible incarceration when he is returned to the committing court. By prolonging his stay in the custody of the Department, the offender reduces the amount of prison time, if any, which he will be required to serve.
On the question of crediting treatment time, the study indicates no change was intended in the 1979 enactment, although-the language is more express. The new statute is thus a restatement or clarification of what the law was previously. Red Lion Broadcasting Co. v. F. C. C., 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); Laycock v. Kenney, 270 F.2d 580 (9th Cir. 1959).
The purpose of the statute is to provide treatment and rehabilitation for criminal offenders who are determined by the authorities to need it. If the offender were not given credit for time in the program, he would have little incentive to cooperate and participate in the program, since he would face the full balance of his sentence in prison, upon being released. Treatment and rehabilitation programs depend to an important degree upon the willingness of the person in the program to cooperate and participate. We construe Section 917.218 as requiring the trial court to give credit to an offender for time spent in the treatment as well as the admission procedure, of the mentally disordered sex offender program, and accordingly, these cases are remanded to the trial courts for correction of the sentences.
DAUKSCH, C. J., and UPCHURCH, J., concur.

. Section 917.13(3), Fla.Stat. (1977).