394 So.2d 126 (1980)
In the Interest of R.J.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 79-242/T4-383.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Rehearing Denied October 10, 1980.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.

ON MOTION TO DISMISS
Appellant R.J.B., a child, has filed a notice of appeal from an order of the Juvenile *127 Court of Osceola County waiving juvenile jurisdiction and certifying him for trial as an adult.
The question presented by this motion is whether the order is a final order from which an appeal will lie.
We hold that it is not and dismiss.
Rule 9.140(b), Florida Rules of Appellate Procedure, governs appeals by a defendant in a criminal case. Under subsection (1), a defendant may appeal the following:
(A) a final judgment adjudicating guilt;
(B) an order granting probation, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
(D) an illegal sentence; and
(E) a sentence when required or permitted by general law.
The Committee Notes on the Rule specifically state that these are the only matters which may be appealed and that subsection (b)(1) is intended to supersede all other rules of practice and procedure. The order from which the instant appeal is taken is not within those enumerated above.
Appellant relies on Rice v. State, 311 So.2d 193 (Fla. 2d DCA 1975), as establishing the order as a final appealable order. In Rice, however, the court merely held that the failure of the juvenile court to follow mandatory provisions of the rules of juvenile procedure in certifying defendant's case for trial as an adult rendered the criminal division of the circuit court without jurisdiction to enter a judgment and sentence against defendant. Mitchell v. State, 351 So.2d 1142 (Fla. 1st DCA 1977), refutes appellant's position for there the court stated that an order transferring prosecution from the juvenile division contemplates further prosecution and is interlocutory.
Appellant further contends that two statutes are applicable and specifically provide authority for this appeal. Section 39.09(2)(e), Florida Statutes (1979), provides that an order waiving juvenile jurisdiction, "shall be reviewable on appeal pursuant to section 39.14 and the Florida Appellate Rules." Section 39.14(1), states:
[A] child ... affected by an order of the court may appeal to the appropriate district court of appeal within the time and in the manner prescribed by the Florida Appellate Rules.
While numerous appeals have been permitted by district courts of appeal from waiver orders,[1] none of these courts expressly based their jurisdiction upon these statutes or discussed the basis of their jurisdiction to hear the appeal. None were decided under the 1977 appellate rules.
If we accept the court's determination in Mitchell that a waiver order is interlocutory, these statutes are ineffective to provide appellate review on their own since the Florida Constitution does not authorize the legislature to provide for interlocutory review. State v. Smith, 260 So.2d 489, 490 (Fla. 1972). In Smith, the Florida Supreme Court, adopting the First District Court of Appeal's opinion, held that a statute authorizing interlocutory appellate review was unconstitutional and therefore ineffective unless the supreme court "breathes life" into it. The court stated that any statute purporting to grant interlocutory appeals is clearly a declaration of legislative policy and nothing more.
This court may consider the appeal as a petition for common law certiorari. Fla.R.App.P. 9.040(c). However, such review would not be proper since appellant fails to show an essential departure from the law and irreparable harm or that an appeal of a final order will not give complete and adequate relief. In Re Adoption of Stinebaker, 382 So.2d 413 (Fla. 5th DCA 1980).
DISMISSED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] See O.A.H. v. State, 332 So.2d 641 (Fla. 3d DCA 1976); R.W. v. State, 330 So.2d 239 (Fla. 3d DCA 1976); D.A.B. v. State, 329 So.2d 40 (Fla. 3d DCA 1976); Gagliano v. State, 234 So.2d 159 (Fla. 1st DCA 1970).