398 So.2d 829 (1980)
Kilven TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. MM-216/T1-26.
District Court of Appeal of Florida, Fifth District.
November 19, 1980.
James B. Gibson, Public Defender and Ronald K. Zimmet, Chief, Appellate Division, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
As a result of a "plea bargain" appellant entered a nolo contendere plea to two counts of burglary and attempted burglary. He was adjudicated by the circuit court and committed for two years to the Department of Offender Rehabilitation of Florida. He specifically reserved his right to appeal the court's denial of his motion to dismiss on the grounds the court lacked jurisdiction to adjudicate and sentence him as an "adult" because he was only 14 years old at the time the offenses were committed, and the juvenile court order of transferal "waiving" him over to the adult criminal system[1] contained no findings of fact nor statement of reasons to justify the transfer.[2]
The transfer order, dated June 14, 1978, was a "form" containing blanks to be filled in with the defendant's name, the crimes with which he was charged, and the date. The printed form portion of the order recited "there is probable cause to believe that said child is guilty of such offenses and that it is in the best interest of the public welfare that said child be transferred to the custody of the Sheriff of Marion County, Florida, to be dealt with as an adult... ."
At the waiver hearing the attorneys stipulated that probable cause was established on two charges of burglary and larceny of firearms. The Waiver Hearing Report filed by the Department of Health & Rehabilitative Services detailed the defendant's antisocial behavior and poor background and the parties agreed to its accuracy. The defendant had a long history of criminal offenses, commencing when he was eleven years old. They included armed robbery, assault and battery, larceny and criminal mischief. He was placed on probation and *830 committed for a 6 month period to a state training school. The counselor said the defendant's prognosis for rehabilitation in a state training school was "poor" but she recommended against waiver because of the defendant's young age, small size, immaturity, and low intelligence. She felt he was unable to understand the seriousness of his offenses. The state argued the defendant was "hiding behind" the juvenile system and was contemptuous of society and authority as shown by his school record and his criminal behavior. Appellant confessed to stealing firearms, but refused to say what he did with them.
At the time the waiver hearing was held in this case, section 39.09(2)(c), Florida Statutes (1977) stated:
The court shall conduct a hearing on all such motions for the purpose of determining whether a child should be transferred. In making its determination the court shall consider:
1. The seriousness of the alleged offense to the community and whether the protection of the community requires waiver.
2. Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The prosecutive merit of the complaint, i.e., whether there is evidence upon which a grand jury may be expected to return an indictment.
5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged crime are adults who will be charged with a crime.
6. The sophistication and maturity of the juvenile, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
7. The record and previous history of the juvenile, including previous contacts with the Division of Youth Services, other law enforcement agencies, and courts, prior period of probation or prior commitments to juvenile institutions.
8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile, if he is found to have committed the alleged offenses, by the use of procedures, services, and facilities currently available to the court.
The record shows evidence was submitted on most of these points. Section 39.09(2)(f) further provides: "When a child is transferred for criminal prosecution, the court shall set forth in writing its reasons for the transfer." The order in this case contains no such statement of reasons beyond the conclusions in the printed form.
The waiver order in this case precludes effective appellate review, and it fails to comply with the requirements of the statute. Woods v. State, 369 So.2d 632 (Fla. 4th DCA 1979). The court should state its reasons for transferring the child in each case. Each case will be different, and the court may give greater weight to some of the statutory criteria than to others. The later version of section 39.09(2)(e), Florida Statutes (1979), is even more demanding. The court entering a transfer order under the newer statute is required to "include consideration of, and findings of fact with respect to, each of the foregoing criteria." (Emphasis supplied.) It also mandates that the court "render an order including a specific finding of fact and the reasons for decision to impose adult sanctions." Although not retroactively applicable to this case, this later statute is indicative of legislative intent that the court must state its actual reasons for transfer, and failure to do so cannot be overlooked as a technical or formal defect.[3]
For the reasons stated herein, we reverse the order of transferal and remand this cause for a period of 60 days to the trial *831 court for the purpose of stating in an order the reasons supporting the waiver. Pending final review of such new order as may be entered, the defendant's convictions and sentence shall not be affected.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] § 39.02(2), Fla. Stat. (1977).
[2] This is apparently the only, although "round-about," method of appealing a transfer order. We do not have jurisdiction to review the transfer order under Florida Rules of Appellate Procedure 9.140(b). R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980). The practical effect is to postpone the appeal of a transfer order so long that when finally reviewed by an appellate court it well may be moot or without much meaning. We hope that the Florida Appellate Rules Committee will give consideration to this problem.
[3] State Farm Mutual Automobile Insurance Company v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980); Stafford v. State, 380 So.2d 538 (Fla. 5th DCA 1980).