395 So.2d 638 (1981)
G.D.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-383 and 80-1131.
District Court of Appeal of Florida, Second District.
March 25, 1981.
*639 Jerry Hill, Public Defender, and Douglas A. Lockwood and Geoffrey Foster, Asst. Public Defenders, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and G.P. Waldbart and Michael A. Palecki, Asst. Attys. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant is a juvenile who was charged with the commission of four armed robberies. After the delinquency petitions were filed, the state attorney moved to transfer the cases to the adult division of the circuit court. After conducting a hearing on the motion, the court entered an order transferring appellant for prosecution as an adult. Although the order stated that the judge had considered the criteria for transfer established by section 39.09(2)(c), Florida Statutes (1979), the order did not contain specific findings of fact concerning each of those criteria. The juvenile immediately appealed the transfer order contending that the court was required in its written order to address each of the factors enumerated in section 39.09(2)(c).[1]
During the pendency of that appeal, appellant pled nolo contendere to the charges. The judge presiding in the adult division of the court sentenced appellant as an adult; however, he failed to execute written findings addressing the criteria for imposing adult sanctions enumerated in section 39.111(6)(c), Florida Statutes (1979). Appellant appealed the sentence alleging that the omission constituted reversible error.
Appellant's motion to consolidate the appeals was granted. In both cases we agree that the trial court erred in failing to formally adhere to the safeguards mandated in chapter 39.[2] However, because the improper transfer alone precluded appellant from being treated as an adult,[3] we believe that further discussion of the sentencing order is unnecessary.
Section 39.09(2)(e) provides as follows:
Any decision to transfer for criminal prosecution shall be in writing and shall include consideration of, and findings of fact with respect to, each of the foregoing criteria. The court shall render an order including a specific finding of fact and the reasons for a decision to impose adult sanctions. The order shall be reviewable on appeal pursuant to s. 39.14 and the Florida Appellate Rules.
The criteria alluded to in that subsection of the statute obviously refers to the factors listed in subsections 1-8 of section 39.09(2)(c). The statute clearly requires that a trial court judge make findings of fact concerning each of those criteria in the written *640 order. This requirement reflects the stated legislative purpose in the Florida Juvenile Justice Act, that "all findings made under this chapter be based upon facts presented at a hearing that meets the constitutional standard of fundamental fairness." § 39.001(2)(e), Fla. Stat. (1979). The requirement unquestionably is meant to facilitate intelligent appellate review. Accord, Woods v. State, 369 So.2d 632 (Fla. 4th DCA 1979). The requirement coincides with the procedures mandated by the Florida Rules of Juvenile Procedure.[4]
Because the trial court failed to make the required findings, we must conclude that the transfer order does not comply with the statute. Accordingly, we vacate appellant's sentence and remand the case to the juvenile division for the entry of an appropriate order transferring the juvenile and, if the court deems necessary, for a further hearing on the motion to transfer.
HOBSON, Acting C.J., and OTT, J., concur.
NOTES
[1] We are aware that a conflict exists concerning the propriety of a direct appeal from an order transferring a juvenile. R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980), and G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980). While G.A. appears to represent the better approach, the instant case does not require that we align ourselves with either position. Rather, under the particular facts presented here, the appellant's argument concerning transfer has been considered as a second point in his appeal from the final judgment and sentence.
[2] In Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979), we held that when a trial judge sentences a transferred juvenile after adult prosecution and conviction, the judge is required to consider and make written findings of fact on the specific criteria contained in section 39.111(6)(c) together with the reasons for the imposition of adult penalties. See also Stallins v. State, 385 So.2d 1171 (Fla. 2d DCA 1980); Murray v. State, 382 So.2d 765 (Fla. 2d DCA 1980); Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979).
[3] Rice v. State, 311 So.2d 193 (Fla. 2d DCA 1975), held that absent a proper transfer from the juvenile to the adult division, the court was without authority to impose adult sanctions.
[4] Fla.R.Juv.P. 8.150(b) and 8.160(c).