OTT, Judge.
Appellant, a juvenile, was charged with burglaries. After the delinquency petitions were filed, the state attorney’s motions to transfer the cases to the adult division of the circuit court were granted. The order stated that the judge had considered the criteria for transfer specified by section 39.-09(2)(c), Florida Statutes (1979), but the findings of fact required by that statute were not set forth in the order. By petition for habeas corpus appellant challenged the sufficiency of that order.[1]
During the pendency of the habeas corpus proceedings, appellant plead nolo con-tendere to the charges, reserving his right to appeal the certification order. He thereafter appealed his final adjudication and sentence and we granted his motion to consolidate the appeal with the habeas corpus proceeding.
Appellant also contends that the trial court further erred in sentencing him as an adult without the benefit of the predisposition report required by section 39.111(6)(a).[2]
We agree that the trial court erred in both respects. Section 39.09(2)(c), requiring that specific findings of fact be set forth in the certification order, and section 39.111(6)(a), requiring a predisposition report prior to sentencing as an adult, are legislative mandates which must be obeyed. Since the trial court failed to made the required findings in the certification order, it and all proceedings taken thereafter are null and void. G.D.W. v. State, 395 So.2d 638 (Fla.2d DCA 1981).
Accordingly, we vacate the transfer order, the judgment of guilt and the sentence. This case is remanded to the juvenile division for such further proceedings as the court deems necessary to properly address the petition for transfer to the adult division.
BOARDMAN, A. C. J., and DANAHY, J., concur.

. We have treated appellant’s argument concerning transfer as an additional point on appeal from the final judgment and sentence.

. We find appellant’s other point on appeal to be without merit.