DOWNEY, Judge.
Melvin D. Mills pleaded guilty to robbery and attempted burglary of a conveyance. In this appeal from the ensuing judgment and sentence Mills contends the juvenile court judge erred in failing to make written findings of fact regarding all of the criteria listed in Section 39.09(2)(c), Florida Statutes (1979), for transfer of a minor from the juvenile division of the circuit court to the criminal division of the circuit court for criminal prosecution, and that the criminal division of the circuit court to which appellant was transferred erred in (a) failing to obtain a presentence investigation report pursuant to Florida Rule of Criminal Procedure 3.710, and (b) assessing costs against appellant.
After a hearing mandated by Section 39.09(2)(c), the judge of the juvenile division entered a written order setting forth numerous reasons why appellant was being transferred to the criminal division for prosecution. In doing so the judge set forth findings of fact with respect to seven of the eight criteria which he is mandated to consider in determining whether a child should be transferred to adult court. However, because of the provisions of Section 39.09(2)(e), Florida Statutes (1979),[1] compliance with which we hold to be mandatory, the omission of a finding as to Item 5 of subsection C requires that we remand the cause to the juvenile division judge so he may consider that item. Woods v. State, 369 So.2d 632 (Fla. 4th DCA 1979).
The criminal division judge who received appellant’s guilty plea and sentenced appellant failed to obtain a presentence report from the Probation and Parole Commission pursuant to the mandate of Florida Rule of Criminal Procedure 3.710.[2] Appellant was under 18 years of age and therefore a presentence investigation and report was required before sentence could be imposed. It thus appears that this feature of the case should also be remanded to the criminal division judge so he may obtain a presentence report, pursuant to Rule 3.710 and thereafter resentence appellant. De Oca v. State, 326 So.2d 453 (Fla. 4th DCA 1973).[3]
In addition, we reverse the $2 cost assessment, which appellee concedes was improper. See Cox v. State, 334 So.2d 568 (Fla. *868 1976). Accordingly, the sentence appealed from is vacated and the cause is remanded to the circuit court with directions that the juvenile division judge consider Item 5 of Section 39.09(2)(c), Florida Statutes (1979), and enter a written order regarding that item in accordance with Section 39.09(2)(e), Florida Statutes (1979), and that the criminal division judge obtain a presentence investigation and then resentence appellant, eliminating therefrom any assessment of costs.
LETTS, C.J., and HERSEY, J., concur.

. Any decision to transfer for criminal prosecution shall be in writing and shall include consideration of, and findings of fact with respect to, each of the foregoing criteria. The court shall render an order including a specific finding of fact and the reasons for a decision to impose adult sanctions. The order shall be reviewable on appeal pursuant to s. 39.14 and the Florida Appellate Rules.

. The trial court did receive a predisposition report from the Department of Health and Rehabilitative Services which contained a great deal of information about appellant. However, Rule 3.710 requires a Presentence Investigation Report prepared by the parole and probation commission for use by the trial judge in sentencing.

.Pursuant to the dictates of De Oca, the failure to obtain a presentence report before sentencing requires a remand for resentencing. This is not a situation where the defendant complains that the sentencing judge did not comply with the provisions of Section 39.111(6), Florida Statutes (1979). Were it such a situation, then the holding in Jones v. State, 418 So.2d 1256 (Fla. 4th DCA 1982), would govern the outcome of the sentencing question.