ON MOTION FOR REHEARING
[original opinion at 12 F.L.W. 1962]
SHIVERS, Judge.
The appellant has called to our attention several factual errors regarding the dates of the two offenses involved in this appeal, occurring in the briefs as well as in our opinion. Appellant has supplemented the record on rehearing to reflect the correct dates surrounding both offenses. We with *1145 draw our opinion and substitute the following.
British Robinson appeals the trial court’s order imposing adult sanctions for an offense which took place when he was a juvenile, arguing that the court failed to consider each of the six statutory criteria in section 39.111(6)(c), Florida Statutes. We reverse and remand for resentencing.
Robinson was charged by an information filed February 10,1986, with grand theft of more than $100 currency. The offense was alleged to have occurred on July 27, 1985, at which time Robinson was 16 years of age. A plea of nolo contendere was entered on August 19, 1986, and a sentencing hearing was held on October 27, 1986. After an adjudication of guilt, the court determined that adult sanctions were appropriate and entered a written order to that effect, utilizing only two of the six criteria in section 39.111(6)(c).
In response to the appeal, the State argued that Robinson’s prior adult conviction for petit theft rendered any judicial consideration of juvenile sentencing for the grand theft completely inappropriate under section 39.02(5)(d), Florida Statutes. Section 39.02(5)(d) provides as follows:
Once a child has been transferred for criminal prosecution pursuant to a waiver hearing or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
Under the clear language of the statute, it appears that a “subsequent violation” is one which occurs only after: (1) a child has been transferred for criminal prosecution and (2) has been found to have committed the offense.
An information was filed against Robinson on September 10, 1985, charging him as an adult for a petit theft alleged to have occurred on July 27, 1985 — the same date as the grand theft. Robinson was adjudicated guilty of the petit theft on March 26, 1986, and was sentenced as an adult.[1] Since the grand theft in the instant case occurred prior to both the date the petit theft information was filed and the date of the petit theft adjudication, the grand theft is not, under the plain language of the statute, a “subsequent violation.”
We therefore find that the trial court erred in failing to consider all six of the statutory criteria in section 39.111(6)(c), Florida Statutes. West v. State, 503 So.2d 435 (Fla. 4th DCA 1987); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); Christy v. State, 489 So.2d 858 (Fla. 1st DCA 1986); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985).
Accordingly, the matter is reversed and remanded for resentencing.
ERVIN, J., concurs.
BARFIELD, J., concurs with written opinion.

. An appeal of this disposition is currently pending in the Second Judicial Circuit Court.