616 So.2d 620 (1993)
In the Interest of D.W., a child.
No. 92-1371.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant-D.W.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee-State of Florida.
PER CURIAM.
This is an appeal of an order of involuntary waiver rendered by the trial court. Although appellant would give this court jurisdiction pursuant to section 39.069(1)(a), Florida Statutes, we conclude the order he appeals is a nonappealable order. An order waiving juvenile jurisdiction and certifying the juvenile for trial as an adult is not reviewable by interlocutory appeal. State v. G.A., 417 So.2d 980 (Fla. 1982). It is not a final order from which an appeal will lie. R.J.B. v. State, 408 So.2d 1048 (Fla. 1982). It does not come under any of the appeals permitted under Florida Rule of Appellate Procedure 9.140(b)(1)(A)-(E). Although the order may be considered as a petition for common-law certiorari, such review is not proper in absence of a showing that there has been an essential departure from the law and irreparable harm or that a final order will not give complete and adequate relief. R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980), approv'd, 408 So.2d 1048 (Fla. 1982). Neither is involved here.
The issue presented in the instant case is one for consideration in the event of adjudication and sentencing. See Leonard v. State, 522 So.2d 543 (Fla. 4th DCA 1988); Townsend v. State, 398 So.2d 829 (Fla. 5th DCA 1980).
GLICKSTEIN, C.J., and LETTS and GUNTHER, JJ., concur.