642 So.2d 596 (1994)
William D. KAZAKOFF, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-02681.
District Court of Appeal of Florida, Second District.
September 7, 1994.
*597 Gary A. Urso, New Port Richey, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
EN BANC
LAZZARA, Judge.
William D. Kazakoff, Jr., who was fifteen years of age at the time he committed the crimes that are the subject of this appeal, challenges his judgments and sentences, rendered after a jury trial, for armed burglary, kidnapping, sexual battery, and eleven counts of grand theft. He contends the trial court erred in transferring him as an adult for criminal prosecution, in failing to grant his motion for judgment of acquittal as to the kidnapping and sexual battery charges, and in failing to consider juvenile sanctions before sentencing him as an adult. We have decided to hear this case en banc because of the exceptional importance presented by the transfer issue and to determine whether we should continue to adhere to our prior decisions in this area of the law. Fla.R.App.P. 9.331.
We reject Kazakoff's argument that there was insufficient evidence to sustain his convictions for kidnapping and sexual battery and affirm on this point. See Staten v. State, 519 So.2d 622 (Fla. 1988); Rodriguez v. State, 558 So.2d 211 (Fla. 3d DCA 1990). We conclude, however, that we must reverse Kazakoff's sentences and remand this case for the trial court to make findings as to certain criteria it failed to address in its order transferring Kazakoff for adult prosecution under sections 39.052(2)(c) and (e), Florida Statutes (1991), and thereafter to resentence him in strict compliance with section 39.059(7), Florida Statutes (1991).
The state filed a petition in the juvenile division of the circuit court charging Kazakoff with various criminal offenses arising out of an episode in which he and his three co-defendants, while armed, terrorized two senior citizens and kidnapped and sexually battered their two-year old granddaughter, whom they were babysitting in their son's home.[1] It then filed a motion to transfer him to the criminal division for prosecution as an adult. Following a waiver hearing, the trial court granted the motion and later entered a written order of transfer based on sections 39.052(2)(c) and (e). Kazakoff appealed the transfer order but we dismissed his appeal because an order certifying a juvenile for trial as an adult is not reviewable by interlocutory appeal.[2]R.J.B. v. State, 408 So.2d 1048 (Fla. 1982).
After the entry of the transfer order, the state filed an information against Kazakoff and his co-defendants. Kazakoff was then tried on the information, convicted by a jury after a week-long trial, and later sentenced as an adult. In sentencing Kazakoff, the trial court failed to comply in any respect with the mandatory requirements of section 39.059(7), which governs the procedure that must be followed before imposing adult sanctions on a juvenile. This was fundamental error and compels us to reverse the adult sentences and remand for resentencing in strict compliance with the statute. Troutman v. State, 630 So.2d 528 (Fla. 1993).
As best we can determine from the record, this sentencing deficiency was caused by a misunderstanding of the law. Kazakoff, after he committed the offenses in this case, was convicted and sentenced as an adult in Hillsborough County on unrelated charges. Thus, everyone involved in Kazakoff's sentencing, including his defense counsel, concluded that his prior treatment as an adult obviated the necessity of complying with section 39.059(7). This was an erroneous conclusion pursuant to section 39.022(5)(d), Florida Statutes (1991), which provides in pertinent part as follows:

*598 Once a child has been transferred for criminal prosecution pursuant to a voluntary or an involuntary waiver hearing or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law, ... .
In Robinson v. State, 514 So.2d 1144 (Fla. 1st DCA 1987), the court construed the identical language of this statute's predecessor, section 39.02(5)(d), Florida Statutes (1985), in determining what constitutes a "subsequent violation of Florida law." It observed that "[u]nder the clear language of the statute, it appears that a `subsequent violation' is one which occurs only after: (1) a child has been transferred for criminal prosecution and (2) has been found to have committed the offense." Id. at 1145 (emphasis in original). As noted, Kazakoff's commission of the offenses in this case occurred before he was found to have committed the offenses in Hillsborough County. Thus, the offenses at issue do not constitute "subsequent violations" within the meaning of the statute. Accordingly, the trial court erred by not following section 39.059(7) before sentencing Kazakoff as an adult. Robinson.
The state attempts to justify Kazakoff's adult sentences in two respects. First, it argues he waived the issue of the trial court's failure to consider juvenile sanctions by not objecting below. We must summarily reject this argument on the authority of State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
The state also directs our attention to section 39.022(5)(c)3., Florida Statutes (1991), which provides in part that "[i]f the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult." It contends that since Kazakoff was convicted of three offenses punishable by life imprisonment (armed burglary, kidnapping, and sexual battery), he was not entitled to the sentencing benefits of section 39.059(7), citing Tomlinson v. State, 589 So.2d 362 (Fla. 2d DCA 1991), review denied, 599 So.2d 1281 (Fla. 1992). In Tomlinson, we construed the predecessor to this statute, section 39.02(5)(c)3., Florida Statutes (1989), which contained the same language. We held that a juvenile who had been indicted for first degree murder but convicted of the lesser offense of second degree murder, a felony punishable by life, was properly sentenced as an adult without following the procedure of the juvenile sentencing statute.
We reject the state's reliance on the statute and Tomlinson. A plain reading of the entire text of section 39.022(5)(c), as well as the entire text of the statutory section construed in Tomlinson, reveals that these statutes establish specifically enumerated sentencing criteria for juveniles indicted and convicted of offenses punishable by death or life imprisonment. See Duke v. State, 541 So.2d 1170 (Fla. 1989); Boudreau v. State, 546 So.2d 1152 (Fla. 2d DCA 1989). Kazakoff was informed against after a waiver hearing, not indicted, for the offenses he was convicted of committing.
We now address the troubling transfer issue which caused us to consider this case en banc. Kazakoff argues that the trial court's written order transferring him for prosecution as an adult was legally deficient because it did not comply with the statutory requirements of sections 39.052(2)(c) and (e). Section 39.052(2)(e) provides in part that "[a]ny decision to transfer a child for criminal prosecution shall be in writing and shall include consideration of, and findings of fact with respect to, all criteria in paragraph (c)." Paragraph (c) delineates eight different criteria that must be considered.
A careful examination of the transfer order reveals that the trial court failed to make any findings of fact with respect to two of the statutory criteria: "the sophistication and maturity of the child" and "the record and previous history of the child." § 39.052(2)(c)6. and 7.[3] Given this deficiency, Kazakoff *599 cites G.D.W. v. State, 395 So.2d 638 (Fla. 2d DCA 1981), in which we held that the trial court's failure to make the required findings in a waiver order precluded the appellant from being treated as an adult in that case. We later cited G.D.W. in Gainer v. State, 401 So.2d 924, 925 (Fla. 2d DCA 1981), to support our holding that the trial court's failure to make the required statutory findings in a waiver order rendered the order "and all proceedings taken thereafter ... null and void." In both of these cases we were construing sections 39.09(2)(c) and (e), Florida Statutes (1979), the provisions of which are almost identical to sections 39.052(2)(c) and (e).
Other district courts of appeal have taken a different approach when faced with a juvenile transfer order that failed to contain findings in compliance with a statutory mandate under chapter 39. As our analysis will show, these courts do not treat such a deficiency as invalidating a juvenile's subsequent conviction as an adult. Instead, they have reversed and remanded for the entry of a proper order while leaving the conviction intact.
In Spencer v. State, 332 So.2d 30 (Fla. 1st DCA 1976), the court affirmed a juvenile's convictions for kidnapping and sexual battery following a jury trial even though it found the transfer order deficient for failing to contain a finding required by section 39.09(2)(f), Florida Statutes (1973). It determined, however, that there was sufficient evidence adduced at the waiver hearing from which the trial court could have concluded that a waiver of juvenile jurisdiction was appropriate. The court thus remanded for the preparation and entry of a proper order addressing the omitted factor without the necessity of holding a new hearing.
In Woods v. State, 369 So.2d 632 (Fla. 4th DCA 1979), cert. denied, 419 So.2d 1201 (Fla. 1982), the court also affirmed a juvenile's conviction after a jury verdict. As in Spencer, it found the transfer order was insufficient because it did not contain the written reasons for the transfer as required by section 39.09(2)(e), Florida Statutes (1977). In upholding the conviction, the court simply reversed the transfer order and remanded for the trial court to enter another order detailing the reasons supporting a waiver of juvenile jurisdiction.
In Mills v. State, 424 So.2d 866 (Fla. 4th DCA 1982), the appellant, after being transferred for prosecution as an adult, entered negotiated pleas to two felony offenses and was sentenced without the benefit of a presentence investigation as required by Florida Rule of Criminal Procedure 3.710. The court determined the transfer order was deficient under the same statutory subsections that were the focus of G.D.W. and Gainer because it omitted a finding as to one of the eight criteria. Citing Woods, it vacated the sentence and remanded with directions that the juvenile division judge consider the omitted factor and enter a written order regarding that item in compliance with the statute. It also directed that the criminal division judge obtain a presentence investigation and then resentence the appellant. Thus, it is apparent that the court left undisturbed the appellant's pleas of guilty. Accord Lurry v. State, 424 So.2d 868 (Fla. 4th DCA 1982).
Finally, in Townsend v. State, 398 So.2d 829 (Fla. 5th DCA 1980), the court construed the same statutory section at issue in Woods. Citing to Woods, it concluded that the transfer order did not comply with the requirements of the statute. In reversing and remanding for the entry of an appropriate order, it also left undisturbed the juvenile's convictions pending final review of the order.
This analysis reveals that G.D.W. and Gainer are in direct conflict with the cases we have cited from the other district courts of appeal. After careful consideration, we have decided to resolve this conflict by receding from G.D.W. and Gainer to the extent they hold that an improper transfer order renders all proceedings following such an order null and void.[4] We now align ourselves *600 with these other districts in upholding the validity of a juvenile's conviction in adult court following the entry of a transfer order that does not contain required findings under chapter 39 and in remanding for the entry of a proper order that is subject to further appellate review.
We believe one of the beneficial effects of our decision will be the conservation of judicial resources. Under the current state of the law, an order waiving juvenile jurisdiction and transferring a child for adult prosecution "is not a final order and not an appealable nonfinal order." A.F. v. State, 541 So.2d 1217 (Fla. 2d DCA 1989) (emphasis in original). Further, "[a]ny error committed by the trial court may be raised only on appeal from the final judgment and sentence." Id.; In the Interest of D.W., 616 So.2d 620 (Fla. 4th DCA 1993). Thus, given an appellate court's lack of jurisdiction to entertain an interlocutory appeal of a transfer order, it makes little sense to have to reverse a transferred juvenile's case in its entirety upon plenary review, after the expenditure of precious resources, because the order omitted certain findings, especially when there is sufficient evidence to support the transfer and the order can often be corrected by a simple remand to the trial court with specific directions.
Although we have determined that the transfer order is deficient, we do not find it necessary to remand for a new waiver hearing. After carefully reviewing the record of the original hearing, we conclude that the evidence and testimony considered by the trial court, which included the statutorily required "study and report to the court, relevant to the factors in paragraph (c)"[5] that recommended placement of Kazakoff in the adult system, was more than sufficient for it to make findings as to the omitted factors, as well as to support a transfer of Kazakoff for adult prosecution. Spencer. Accord Gagliano v. State, 234 So.2d 159 (Fla. 1st DCA 1970).
Accordingly, we affirm Kazakoff's convictions but reverse his sentences. We remand this case to the trial court with specific directions to consider the criteria of section 39.052(2)(c)6. and 7. based on the record of the original waiver hearing and to enter a written order addressing these factors in accordance with section 39.052(2)(e). Mills; Spencer. In doing so, the trial court is free to exercise its discretion in determining what weight to give these factors in relation to the other factors previously addressed in its original transfer order. See Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Townsend.
We also direct that the trial court strictly comply with the requirements of section 39.059(7) before resentencing Kazakoff. Troutman. The trial court may resentence him as an adult, but only "in light of conditions existing at the time of the original sentencing." Id. at 533 (footnote omitted). Of course, if Kazakoff is aggrieved by any subsequent action of the trial court, he has the right to appeal.
Affirmed in part; reversed in part; and remanded with directions.
FRANK, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, HALL, THREADGILL, PARKER, PATTERSON, ALTENBERND, BLUE and FULMER, JJ., concur.
QUINCE, J., recuses.
NOTES
[1] Because of his age, Kazakoff could not be prosecuted for capital sexual battery. See § 794.011(2), Fla. Stat. (1991).
[2] W.D.K., Jr. v. State, 613 So.2d 33 (Fla. 2d DCA 1993).
[3] We reject Kazakoff's other claims that the order is deficient because it was based on hearsay and did not adequately address some of the other six criteria. Our review of the record convinces us that the order was based on "substantial direct inculpatory evidence against [Kazakoff]." Drotzur v. State, 372 So.2d 515, 516 (Fla. 4th DCA 1979). We also conclude that the order, when read in its entirety, reflects the trial court properly considered and evaluated all of the other criteria. See W.B. v. State, 313 So.2d 711 (Fla. 1975); Leonard v. State, 522 So.2d 543 (Fla. 4th DCA 1988
[4] We do likewise with regard to Rice v. State, 311 So.2d 193 (Fla. 2d DCA 1975), which was the underpinning for the holding in G.D.W. 395 So.2d at 639 n. 3. We leave undisturbed, however, that aspect of Rice that holds that an adult court does not legally obtain jurisdiction over a juvenile when the juvenile court has failed to conduct a waiver hearing prior to the entry of a transfer order. See also Whittington v. State, 543 So.2d 317 (Fla. 1st DCA 1989); Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979) (juveniles could not be treated as adults absent waiver hearings).
[5] See § 39.052(2)(d), Florida Statutes (1991).