THREADGILL, Judge.
T.L.P., a juvenile, was charged as a juvenile with battery, criminal mischief, and violation of community control. She admitted the charges and was adjudicated delinquent. After learning that T.L.P. had been sentenced to four years’ imprisonment on an unrelated offense for which she had been tried as an adult, the trial court sentenced T.L.P. to one year in the county jail for each juvenile offense. The trial court was without authority to sentence T.L.P. as an adult under these circumstances, and we therefore reverse.
At the disposition hearing, trial counsel objected to the imposition of an adult sentence for the juvenile offenses. The trial court responded, “she’s not a juvenile anymore; she’s been sentenced as an adult.” The trial court was apparently relying on section 39.022(5)(d), Florida Statutes (1993), which provides:
Once a child has been transferred for criminal prosecution pursuant to a voluntary or an involuntary waiver hearing or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in *50 every respect as if he were an adult for any subsequent violation of Florida law, unless the court, pursuant to this paragraph, imposes juvenile sanctions under s. 39.059(6).
A subsequent violation occurs only after the juvenile has been transferred for criminal prosecution and has been found to have committed the offense. Robinson v. State, 514 So.2d 1144 (Fla. 1st DCA 1987). In this case, the acts upon which the juvenile charges were based were committed before T.L.P. was found to have committed the unrelated offense for which she was tried as an adult. Thus, the juvenile offenses were not subsequent violations for purposes of section 39.022(5)(d), and T.L.P. could not be sentenced as an adult under that provision.
We have found no authority to support the sentence imposed in this case. The provisions of section 39.059, Florida Statutes (1993), which govern the imposition of adult sanctions upon a juvenile, are invoked once it is determined a child is to be prosecuted as an adult. Powell v. State, 606 So.2d 486 (Fla. 5th DCA 1992). In this case, T.L.P. was not charged as an adult by information nor pursuant to a waiver hearing. Therefore, the trial court’s power of disposition was governed by section 39.054, Florida Statutes (1993).
Section 39.054 sets forth the disposition alternatives available to a court that has jurisdiction of a child adjudicated delinquent. The available alternatives do not include incarceration in an adult facility. To the contrary, section 39.054(l)(b) prohibits the court from committing the child to a jail or to a facility used primarily as a detention center or facility or shelter. Thus, the trial court erred in sentencing T.L.P. to jail under these circumstances.
We therefore reverse the sentences and remand for disposition in accordance with chapter 39, Florida Statutes.
Reversed.
DANAHY, A.C.J., and QUINCE, J., concur.