541 So.2d 1170 (1989)
Mary Sue DUKE, Petitioner,
v.
STATE of Florida, Respondent.
No. 72912.
Supreme Court of Florida.
April 20, 1989.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
SHAW, Justice.
We review Duke v. State, 529 So.2d 341 (Fla. 1st DCA 1988), to resolve a certified issue of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner's husband was convicted and sentenced for sexual battery of an eleven-year-old child. Petitioner, who was fifteen years old, was indicted and convicted of a life felony, aiding and abetting, and sentenced to seven years imprisonment. On appeal, petitioner claimed the trial court erred by not considering a predisposition report and the statutory criteria for determining the suitability of adult sanctions, and in not analyzing in writing the decision to impose adult sanctions when "a child has been transferred for criminal prosecution." § 39.111, Fla. Stat. (1985). Reading chapter 39, Florida Statutes (1985), in pari materia, the district court found that an indictment for an offense punishable by death or life imprisonment did not constitute a "transfer" within the meaning of section 39.02(6), Florida Statutes (1985), and did not require compliance with section 39.111(6). The district court distinguished Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), approved, 403 So.2d 1337 (Fla. 1981), and State v. Upshaw, 469 So.2d 922 (Fla. 3d DCA 1985), but certified the issue as a matter of great public importance.
In Goodson, the district court rejected the proposition that a child charged by indictment was not "transferred" for purposes of qualifying for sentencing as a youthful offender under section 958.04(1)(a), Florida Statutes (Supp. 1978). The court relied on the wording of sections 39.02(5)(d) and 39.02(6), Florida Statutes (Supp. 1978), which read respectively:
"[§ 39.02(5)](d) Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information and has been found to have committed the offense for which he is transferred or a lesser-included offense, a child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
[§ 39.02](6) When a child has been transferred for criminal prosecution as an adult and the child has been found to have committed a violation of Florida *1171 law, the disposition of the case shall be made pursuant to s. 39.111(6). [Emphasis supplied.]"
Goodson, 392 So.2d at 1337. Based on the statutory wording as it then existed, the district court concluded:
Thus, although a child, whether indicted, informed against, or otherwise waived over to adult court, will in most respects be treated as if an adult, chapters 39 and 958 clearly provide some limitations as to the manner and extent of sentencing such persons as adults.
Id. (footnote omitted). On review, we adopted the district court language as our own, noting that if it were otherwise, an anomaly would be created whereby indicted persons eighteen to twenty-one years of age could be sentenced as youthful offenders whereas indicted children could not be. We concluded that the legislature did not intend such a result.
The case here is not controlled by Goodson. While the Goodson decision was pending before this Court, the legislature amended and clarified the pertinent provisions of the statute. Chapter 81-269, section 1, Laws of Florida, amended section 39.02(5)(d) by deleting the word "indictment" and by creating subsection (5)(c)3. which specifically enumerated sentencing criteria of indicted children upon conviction.
3. If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult. If the child is not found to have committed the indictable offense but is found to have committed a lesser included offense or any other offense for which he was indicted as a part of the criminal episode, the court may sentence as follows: pursuant to the provisions of s. 39.111(6); pursuant to the provisions of chapter 958, notwithstanding any other provisions of that chapter to the contrary; or as an adult. Once a child has been indicted pursuant to this paragraph and has been found to have committed any offense for which he was indicted as a part of the criminal episode, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law, unless the court pursuant to this paragraph imposes juvenile sanctions under s. 39.111(6).
Ch. 81-269, § 1, Laws of Fla. (emphasis supplied). Section 39.02(5)(c)3., Florida Statutes (1981), removes the anomaly referred to in Goodson by establishing consistency with the stipulation in section 958.04, Florida Statutes (1985), that no person may be sentenced as a youthful offender who has been found guilty of a capital or life felony.
The statutory provisions, as amended, are not those which were interpreted in Goodson. Children of any age who are convicted of offenses punishable by death or life imprisonment shall be sentenced as adults. They shall not be sentenced as youthful offenders and are not subject to the provisions of section 39.111, Florida Statutes (1985). Statutory interpretation is necessarily grounded on the statutes currently in effect or in effect at the time of the crime. There is no confusion if it is recognized that Goodson has been overridden by the legislature.
We approve the decision below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.