PER CURIAM.
In this appeal from two convictions for lewd assault[1] Boudreau raises one issue: whether the trial court erred by failing to provide written reasons for imposing adult sanctions against Boudreau, who was seventeen at the time these offenses were committed. See § 39.111(7)(d), Fla.Stat. (1987); Clemons v. State, 508 So.2d 430 (Fla. 2d DCA 1987).
The state argues that since Boudreau was “direct-filed” as an adult[2] he was not “transferred” from the juvenile to the adult system as that term is employed in section 39.111. They cite Duke v. State, 541 So.2d 1170 (Fla.1989), wherein the court concluded that a juvenile charged by indictment is not “transferred” for purposes of the statutory provisions requiring written sentencing criteria. However, underlying the decision in Duke is the 1981 deletion of the word “indictment” from section 39.02(5)(d), which still reads, “Once a child has been transferred for criminal prosecution pursuant to a waiver hearing or information ...” (emphasis supplied). Ch. 81-269, § 1, Laws of Fla. The same statutory revision specifically enumerated sentencing criteria for indicted juveniles upon conviction. § 39.02(5)(c), Fla.Stat. (1987). We agree with Boudreau that neither the legislature, nor the supreme court in Duke, has indicated any intention that direct-filed juveniles are exempted from the requirements of section 39.111.
Boudreau’s convictions are affirmed. We remand for resentencing in compliance with section 39.111(7).
SCHEB, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.

. § 800.04, Fla.Stat. (1987).

. See § 39.04(2)(e)4, Fla.Stat. (1987).