556 So.2d 465 (1990)
Michael GLASS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-448.
District Court of Appeal of Florida, First District.
January 31, 1990.
*466 Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Defendant Michael Glass appeals the sentences imposed upon his violation of probation. The court ordered him to serve concurrent sentences of 30 months in prison and 5 years' probation, a total sanction of 7 1/2 years, for two third-degree felony convictions. After being initially charged, he pleaded guilty to a one-count information charging forgery of a check in the amount of $12.11 in violation of section 831.01, Florida Statutes (case no. 88-134), and to a second information charging four counts of uttering a forged instrument in violation of section 831.02, Florida Statutes, involving checks in the amounts of $25.00, $20.00, $23.00, and $22.00, respectively (case no. 88-138). Glass was placed on probation with the condition that he "receive a guidelines sentence" and "pay restitution on all checks, filed and not filed, [and] if defendant violates probation, state will file all unfiled charges."
On December 2, 1988, the probation officer filed an affidavit of Glass's violation of probation. Finding that Glass had violated the conditions of probation, the judge sentenced him in case no. 88-134 to a term of 30 months' incarceration to be followed by a period of 5 years' probation, with 44 days' jail credit, the sentence to run concurrent with that in case no. 88-138. In case no. 88-138, he was sentenced to 30 months' incarceration followed by a period of 5 years' probation as to count I, which sentence was to run concurrent with the same sentences set forth in counts II, III, and IV. Glass contends and the state now concedes that the court erred in imposing a total sanction of 7 1/2 years for each offense where the underlying offense is a third-degree felony carrying a statutory maximum penalty of 5 years' imprisonment. See sections 831.02, 775.082(3)(d), Florida Statutes (1987). When a defendant is sentenced to a "split sentence" as provided by statute, the combined periods of incarceration and probation at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged. State v. Holmes, 360 So.2d 380, 383 (Fla. 1978). Accordingly, the sentences are vacated and the cause remanded for resentencing within the statutory limitations.
Glass further contends that the split sentence imposed violates his constitutional protection against double jeopardy because no statute authorizes a split sentence by which a period of incarceration is followed by a period of probation with none of the incarceration withheld. We note that from the face of the opinion in Poore v. State, 531 So.2d 161 (Fla. 1988), it does not clearly appear that all of the arguments made by Glass were presented to and considered by the court in Poore. However, the opinion in Poore is so pervasive on the issue of split sentences as to leave us no latitude to vacate the sentence as not being one of the alternatives expressly authorized in section 921.187, Florida Statutes. See Carter v. State, 552 So.2d 203 (Fla. 1st DCA) (Judges Barfield and Zehmer, specially concurring), aff'd, 553 So.2d 169 (Fla. 1989). Accordingly, we affirm the split sentence imposed but certify to the supreme court the following *467 question as one of great public importance:
DOES A DOUBLE JEOPARDY VIOLATION RESULT FROM THE IMPOSITION OF A PROBATIONARY SPLIT SENTENCE WHEN THE LEGISLATURE HAS NOT EXPLICITLY AUTHORIZED THAT DISPOSITION IN THE SENTENCING ALTERNATIVES OF SECTION 921.187, FLORIDA STATUTES?
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.