ZEHMER, Judge,
specially concurring.
This case involves the same issue and argument on behalf of the appellant as that presented to this court in Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990). For the reasons set forth in the Glass opinion, I concur in the affirmance of this case on the authority of Poore v. State, 531 So.2d 161 (Fla.1988). This same argument has been presented in numerous other cases appealed to this court, three of which have been considered and decided by this panel this week. Therefore, I consider the question presented is one of great public importance that should be settled by the supreme court. I would, therefore, certify the same question that was certified in Glass:
DOES A DOUBLE JEOPARDY VIOLATION RESULT FROM THE IMPOSITION OF A PROBATIONARY SPLIT SENTENCE WHEN THE LEGISLATURE HAS NOT EXPLICITLY AUTHO *130 RIZED THAT DISPOSITION IN THE SENTENCING ALTERNATIVES OF SECTION 921.187, FLORIDA STATUTES?