558 So.2d 202 (1990)
George BETSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-683.
District Court of Appeal of Florida, First District.
March 21, 1990.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The State having conceded that the trial court erred in failing to allow appellant credit for gain time earned during his first term of incarceration, this case is remanded to the trial court for correction of the sentence. Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988), approved, State v. Green, 547 So.2d 925 (Fla. 1989).
While we are bound by Poore v. State, 531 So.2d 161 (Fla. 1988), to uphold appellant's "probationary split sentence" as legal, we certify to the Florida Supreme Court as a matter of great public importance, the following question, which was certified in Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990):
Does a double jeopardy violation result from the imposition of a probationary split sentence when the legislature has not explicitly authorized that disposition in the sentencing alternatives of section 921.187, Florida Statutes?
SHIVERS, C.J., and WIGGINTON and BARFIELD, JJ., concur.