ON MOTION FOR REHEARING
NIMMONS, Judge.
By his motion for rehearing, appellant draws our attention to his third issue wherein he contended that the trial court erred in imposing a probationary term following the sentence of incarceration, thus *948 violating his constitutional right against double jeopardy. Although recognizing that this same contention has heretofore been rejected in Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990), appellant’s motion for rehearing calls to our attention that we have, in Glass as well as in Betsey v. State, 558 So.2d 202 (Fla. 1st DCA 1990), and Buckley v. State, 558 So.2d 534 (Fla. 1st DCA 1990), certified the following question:
DOES A DOUBLE JEOPARDY VIOLATION RESULT FROM THE IMPOSITION OF A PROBATIONARY SPLIT SENTENCE WHEN THE LEGISLATURE HAS NOT EXPLICITLY AUTHORIZED THAT DISPOSITION IN THE SENTENCE ALTERNATIVES OF SECTION 921.187, FLORIDA STATUTES?
We hereby certify that same question to the Florida Supreme Court as a question of great public importance.
The motion for rehearing is otherwise denied.
WIGGINTON and ZEHMER, JJ., concur.