574 So.2d 222 (1991)
Steve Loring JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2264.
District Court of Appeal of Florida, Fifth District.
January 24, 1991.
*223 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant, a youthful offender, was convicted of two offenses and sentenced to 30 months incarceration as to each offense. The defendant was screened and placed in the basic training program provided for in section 958.04(4), Florida Statutes.
Upon the satisfactory completion of that program the trial court issued an order modifying the sentence imposed and placing the defendant on probation as provided for in section 958.04(4)(e). The defendant *224 violated the conditions of his probation and the court revoked probation and imposed a new, second sentence of 3 1/2 years (42 months) incarceration as to each offense. The defendant appeals raising a question as to credit under his new sentence for time served under his first sentence. The State concedes that the defendant did not receive all credit to which he was entitled on his new sentence. State v. Green, 547 So.2d 925 (Fla. 1989).
However, there is another, more fundamental, legal infirmity with the two second sentences.[1] As to the two offenses involved, the defendant was not originally given split sentences as permitted by section 958.04(2)(c), Florida Statutes. He was given straight sentences of incarceration as to both offenses. The supreme court has agreed in Poore v. State, 531 So.2d 161 (Fla. 1988), that a defendant cannot be constitutionally resentenced after a violation of probation in a true split sentence; he can only be recommitted to confinement to serve the balance of the sentence that has already been validly imposed. If a second sentence cannot be constitutionally imposed after violation of the probation portion of a true split sentence, then more clearly a second sentence cannot be imposed after the defendant has once been sentenced to straight confinement.
In Poore, supra, Franklin v. State, 545 So.2d 851 (Fla. 1989), and State v. Wayne, 531 So.2d 160 (Fla. 1988), the supreme court did recognize as valid a sentence of a specific term of confinement followed by a specific term of probation, calling it a "probationary split-sentence" as distinguished from a true split sentence, and held that a second sentence could constitutionally be imposed on a defendant after he violated the probationary portion of such a "probationary split sentence".[2]
Section 958.04(4)(e), Florida Statutes, provides that when a youthful offender has successfully completed a basic training program, the trial court is required to "modify" the sentence and place the offender on probation and that if the offender violates that probation the trial court "may revoke probation and impose any sentence it might have originally imposed."[3] The double jeopardy clause of the federal constitution applies to the imposition of sentence as well as the determination of guilt and prohibits the imposition of a second or subsequent sentence after imposition of a valid sentence as to "the same offense." Once a defendant has commenced the service of a valid sentence the court cannot, constitutionally, again sentence him for "the same offense", or make the original sentence more onerous.[4] The legislature cannot authorize a violation of this fundamental constitutional right and section 958.04(4)(e) cannot constitutionally authorize, even after violation of probation, a second sentence imposing punishment *225 more onerous or severe than that which has been imposed by a prior valid sentence on the same conviction of what is factually, legally and constitutionally "the same offense." The imposition of a second sentence of 42 months for the same offense for which the defendant was originally sentenced to 30 months in this case violates the defendant's constitutional double jeopardy rights.
Under section 958.04(4)(e), Florida Statutes, the imposition of a true split sentence would avoid any double jeopardy problem because only one sentence is imposed although a portion of that sentence may be temporarily suspended during a probationary period and re-imposed upon violation of the conditions of the suspension (being the conditions of the probation) but in that event, or in the event, as in this case, a straight sentence of incarceration is "modified" pursuant to the statute to place the youthful offender on probation and that probation is violated, the defendant is not actually resentenced; the imposition, execution or actual service, of the original sentence is merely suspended during the probationary period and upon violation of the probation the defendant is merely recommitted to continue to serve the remainder, if any, of the original sentence.
The circumstances of this case should not be confused with those involved in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because section 958.04(4)(e) purports to authorize, indeed, to mandate, the trial court to "modify" a valid sentence, and there is no "resentencing" resulting from a defendant's appeal seeking reversal of a prior conviction or sentence as in North Carolina v. Pearce. Actually North Carolina v. Pearce is a "due process" case and not a double jeopardy case and relates solely to a resentencing after a defendant has successfully sought a reversal of a prior invalid conviction or sentence, and has no application where there has been no reversal resulting from a defendant's appeal. North Carolina v. Pearce recognized, as had always been good law, that when a defendant has been convicted and sentenced but has successfully appealed a conviction and won a new trial and has again been convicted, he can again be validly sentenced on his new conviction although both sentences related to "the same offense." North Carolina v. Pearce was only concerned with the fact that if the second sentence imposed after appeal was more onerous than that originally imposed such practice would unfairly deter, and therefore violate, a defendant's constitutional due process right to appeal and, accordingly, to eliminate that possibility, the supreme court held that a sentence imposed after a judicial vacation of a prior sentence more onerous than that originally imposed would be presumed to be vindictive and illegal in the absence of a showing to the contrary.
Rather than merely remanding with directions to give proper credit against his new 42 month sentences for time previously served, we vacate both of the new 42 month sentences and re-instate the two prior 30 month sentences and remand with directions to give the defendant proper credit against them for time previously served.
SENTENCE VACATED; CAUSE REMANDED.
COBB, COWART and HARRIS, JJ., concur.
NOTES
[1] An appellate court may sua sponte address and remedy a fundamental error apparent on the face of the record. Stites v. State, 570 So.2d 1113 (Fla. 5th DCA 1990); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981). The violation of a constitutional double jeopardy right is fundamental error. State v. Johnson, 483 So.2d 420 (Fla. 1986).
[2] Some judges still have qualms about the legality of a "probationary split sentence" not because of the constitutional double jeopardy problem with which the district court Wayne case was concerned (see Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987)) but because of section 921.187 which catalogs all statutory sentencing alternatives. Subsection (1)(g) of that statute describes true split sentences but not "probationary" split sentences. See Hall v. State, 568 So.2d 1346 (Fla. 1st DCA 1990); Curry v. State, 568 So.2d 1346 (Fla. 1st DCA 1990); Mickens v. State, 568 So.2d 947 (Fla. 1st DCA 1990); Cobb v. State, 567 So.2d 554 (Fla. 1st DCA 1990); Huff v. State, 566 So.2d 945 (Fla. 1st DCA 1990); Schesny v. State, 564 So.2d 640 (Fla. 1st DCA 1990); Buckley v. State, 558 So.2d 534 (Fla. 1st DCA 1990); Betsey v. State, 558 So.2d 202 (Fla. 1st DCA 1990); Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990).
[3] This concept and language was lifted from section 948.06(1) which originally related to the court's authority to impose a sentence after violation of straight probation, a situation in which no sentence has theretofore been imposed on the probationer and, hence, one which poses no former jeopardy problem relating to twice sentencing a defendant as to "the same offense."
[4] See Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984).