589 So.2d 362 (1991)
Robert Wesley TOMLINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01459.
District Court of Appeal of Florida, Second District.
November 8, 1991.
David S. Glicken of Law Office of David S. Glicken, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Robert Wesley Tomlinson, a juvenile, was indicted for the first degree murder of his father, an event which occurred on June 22, 1989. The jury returned a verdict of second degree murder with a firearm and the trial court sentenced him to twenty years imprisonment to be followed by ten years probation. A written order reflecting the trial court's reasons for sentencing Tomlinson as an adult was entered approximately one month after the sentencing hearing. We have reviewed each of the three points urged in support of the errors claimed to have been committed by the trial court. We have concluded from the testimonial conflicts associated with the events surrounding the homicide that the trial court did not err in denying Tomlinson's motion for judgment of acquittal, and Tomlinson's failure to object to the "short form" self-defense instruction was not fundamental error. State v. Smith, 573 So.2d 306 (Fla. 1990). Moreover, based upon the following analysis, section 39.02(5)(c)(3), Florida Statutes (1989), empowered the trial court to impose adult sanctions without resort to the procedural safeguards enumerated in section 39.111(7), Florida Statutes (1989).
The sentencing statute in effect on June 22, 1989, was section 39.02(5)(c)(3), Florida Statutes (1989), which provided as follows:
If a child is found to have committed the offense punishable by death or life imprisonment, the child shall be sentenced as an adult. If the child is not found to have committed the indictable *363 offense but is found to have committed a lesser offense or any other offense for which he was indicted as a part of the criminal episode, the court may sentence as follows:
a. Pursuant to the provisions of s. 39.111(6);
b. Pursuant to the provisions of chapter 958, notwithstanding any other provisions of that chapter to the contrary; or
c. As an adult.
Once a child has been indicted pursuant to this paragraph and has been found to have committed any offense for which he was indicted as a part of the criminal episode, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law, unless the court pursuant to this paragraph imposes juvenile sanctions under s. 39.111(6).[1]
In construing this statute, our supreme court determined that any child convicted of an offense punishable by death or life imprisonment shall be sentenced as an adult and is not entitled to the special conditions provided in section 39.111, Florida Statutes (1989). Duke v. State, 541 So.2d 1170 (Fla. 1989). The conclusion reached in Duke is based in part on a historical analysis of section 39.02(5)(d) which, prior to its repeal, provided that a child shall be treated as an adult when "transferred for criminal prosecution pursuant to a waiver hearing, indictment or information." § 39.02(5)(d), Fla. Stat. (1979). But the word "indictment" was deleted from section 39.02(5)(d) in 1981. Ch. 81-269, § 1, Laws of Fla. (1981). Thus, according to Duke, deletion of the word "indictment" from the statute indicated a legislative intent to exclude capital and life felony convictions from the sentencing procedures of both the Youthful Offender Statute and section 39.111 governing juveniles transferred as an adult for criminal prosecution. Id., at 1171. Duke determined that the legislature, by enacting subsection 39.02(5)(c)(3) in 1981, had particularized sentencing criteria for indicted children upon conviction; a child convicted of an offense punishable by death or life imprisonment must be sentenced as an adult. The next question therefore, is whether the legislature intended to limit the application of 39.02(5)(c)(3) to capital and life felonies.
This question was raised in Ringel v. State, 352 So.2d 88 (Fla. 4th DCA 1977), in which a first degree felon claimed he could not be indicted as an adult because the punishment for commission of his felony  imprisonment for a term of years not exceeding life  did not encompass "life imprisonment" as that term is used in 39.02(5)(c). The Fourth District disagreed and found the question to be of great public interest. It certified the following question to the supreme court:
Do the provisions of Section 39.02(5)(c) of the Florida Statutes relating to the treatment of juvenile offenders as adults apply to violations of the law the penalty for which includes but may also be less than life imprisonment?
The supreme court responded in the affirmative. Ringel v. State, 366 So.2d 758 (Fla. 1978). Thus, the language "punishable by death or by life imprisonment," as used in section 39.02(5)(c)(3), contemplates first-degree felonies for which life imprisonment is the maximum range of punishment.
Tomlinson was convicted of second degree murder, a felony in the first degree "punishable by imprisonment for a term of years not exceeding life." § 782.04(2), Fla. Stat. (1987). Section 782.04(2) contemplates a sentence of either a term of years or life imprisonment. See e.g., Hayes v. State, 362 So.2d 1016 (Fla. 1st DCA 1978). Thus, pursuant to Duke and Ringel, Tomlinson's second degree murder conviction, although a lesser included offense of first degree murder, never reached the trial court's discretionary sentencing power for the reason that a second degree murder is punishable by a life sentence. Thus, convicted of an offense punishable by life imprisonment, *364 Tomlinson was properly sentenced as an adult without the procedures afforded juveniles in section 39.111(7), Florida Statutes (1987).
Affirmed.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Section 39.02 was repealed by legislative act effective October 1, 1990. Ch. 90-208, § 17, Laws of Fla. (1990).