HARRIS, Chief Judge.
We find that the record supports the trial judge’s conclusion that Cookston’s confession was voluntarily and knowingly given; we therefore affirm Cookston’s convictions. We also agree that the judge properly rejected youthful offender treatment for Cookston who was convicted of second degree murder, an offense authorizing a sentence for a term of years not exceeding life. Duke v. State, 541 So.2d 1170 (Fla.1989); Tomlinson v. State, 589 So.2d 362 (Fla. 2d DCA 1991), rev. denied, 599 So.2d 1281 (Fla.1992).
Cookston also urges that we should reverse his “departure” sentence since the reason given by the court is vague and insufficient. First, we are not convinced that this is a departure sentence. Cookston was sentenced to a “term of natural life.” Section 775.082(3)(a) seems to require that such a sentence shall not exceed forty years. Cook-ston’s permitted range under the guidelines is seventeen to forty years. It appears, therefore, that even if his sentence was reversed and remanded for resentencing under the guidelines, Cookston would be subject to the identical prison term.
Further, even if this sentence is construed as a departure sentence, the reason stated, aided by the inference created by the court’s reference to Barfield v. State, 594 So.2d 259 (Fla.1992), constitutes a sufficient finding of an escalating pattern of criminal conduct. It is apparent from the record that Cookston’s criminal history would justify a finding of a continuing, persistent and escalating pattern of criminal activity. Although neither the statements of the judge in the sentencing transcript nor his written reason for departure explicitly states that he “found” that Cookston’s record reflected an escalating pattern,[1] his reference to “State v. Barfield [Barfield v. State], 594 So.2d 259” indicates a finding of escalation. If we thought otherwise, we would remand for clarification.
We are not unmindful of Pope v. State, 561 So.2d 554 (Fla.1990), and Owens v. State, 598 So.2d 64 (Fla.1992). We construe these cases as reflecting a commitment by the supreme court to bring recalcitrant trial judges (and appellate judges) into compliance with guideline sentencing. These cases essentially require that the sentencing judge give acceptable reasons in writing contemporaneously with a departure sentence. These cases were'(or appeal’ to us to have been) intended to prevent the sentencing court, after reversal, from coming up with new departure reasons as this would be an “unwarranted effort to justify an original departure.” Pope, 561 So.2d at 556.
However, when, as here, reason for departure is clear from the record and the court’s contemporaneous written justification for departure makes reference to a valid reason, even if the reason, as written, is unclear, there appears to be no prohibition against permitting the court to clarify its original finding. Therefore, even if we believed the court’s finding was inadequate as written, we would remand for clarification of the court’s original order and order resen-tencing only if the court had not previously *102 found an escalating pattern of criminal conduct.
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.

. Clearly, if the trial judge found only a continuing and persistent pattern of criminal conduct, Cookston's departure sentence cannot stand.