BARKDULL, Judge.
Appellant, defendant in the trial court, seeks review of the trial court’s denial of a rule 3.850 motion.
In April 1989, defendant, a sixteen year old juvenile, was arrested for holding a gun to the head of a nine year old and forcing the child to perform oral sex. Defendant was initially processed as a juvenile and taken before a juvenile court judge for a detention hearing pursuant to Rule 8.305(b) of the Florida Rules of Juvenile Procedure. Defendant’s parents and counsel were not present at the hearing. On April 18, 1989, the state *63 charged defendant by information with sexual battery with a firearm on a person less than twelve (12) years old (Count I); unlawful possession of a firearm while engaged in a criminal offense (Count II); and two counts[1] of aggravated assault (Count III & IV). On January 17, 1991, the jury returned a guilty verdict on all counts. On March 28, 1991, the trial judge sentenced defendant as an adult to twenty-five years, five years, and fifteen years incarceration on Counts I, II, and III, respectively. On appeal, defendant challenged the validity of his conviction on Count II. This court reversed and vacated the Count II conviction and affirmed the other two convictions. See Washington v. State, 597 So.2d 840 (Fla. 3d DCA 1992). Defendant now appeals the trial court’s denial of a rule 3.850 motion for post conviction relief. Defendant raises several points in his motion.
First, defendant argues that it was improper for the juvenile court to conduct defendant’s initial detention hearing without the presence of his parents and counsel. Rule 8.305(b)(1) of the Florida Rules of Juvenile Procedure directs the juvenile officer to make a diligent effort to contact the parents before conducting the detention hearing. The rule does not require the parents to be present at the hearing. It is clear from the record that the juvenile officer made a diligent effort to contact the defendant’s parents but could only locate his sister and uncle. Additionally, the rule does not entitle defendant to counsel at this early stage in the juvenile adjudicatory process. A detention hearing is merely an informal, nonadversarial proceeding to inform defendant of the right to counsel in future proceedings and determine whether probable cause exists to further detain defendant. Rule 8.305(b) Fla. R.Juv.P. Thus, the juvenile court did not err by proceeding with the detention hearing without defendant’s parents and counsel.
Defendant next argues that he was improperly transferred to the criminal court. Specifically, defendant contends that his case should have been adjudicated in the juvenile court system because the state attorney failed to file a motion stating reasons for transferring defendant from juvenile court to criminal court for prosecution. Defendant fails, however to recognize that he is not afforded access to the juvenile justice system as a matter of right simply because he has not yet reached the age of majority. The legislature has absolute discretion to determine whether an individual charged with a particular crime is entitled to the benefit of the juvenile justice system. State v. Cain, 381 So.2d 1361 (Fla.1980). The state attorney may, by filing an information, criminally prosecute a juvenile sixteen years or older when in his discretion the public interest requires that adult sanctions be imposed. Section 39.04(3)(e)(4), Fla.Stat. (1989). This statute gave the state attorney the right to file an information against the defendant without first obtaining a transfer of jurisdiction from the juvenile court. See State v. Everett, 624 So.2d 853 (Fla. 3d DCA 1993); State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979).
Furthermore, defendant contends that the trial court was barred from sentencing him as an adult without first providing written reasons and findings of fact to justify imposition of adult sanctions. In response, the state argues that while failure to provide written reasons or findings of fact to support the imposition of adult sanctions is fundamental error, the issue should have been raised on direct appeal and cannot be raised as error in a subsequent collateral proceeding. However, this court may, sua sponte, remedy fundamental error which is apparent on the face of the record. See Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991).
In the alternative, the state urges that a trial court is not required to provide written reasons and findings of fact for adult sanctions where a juvenile defendant is convicted of a crime that carries a maximum penalty of life in prison.
When a juvenile has been transferred for criminal prosecution and thereafter convicted, the court shall render specific findings and reasons for the decision to impose adult sanctions. Section 39.059(7)(d), Fla.Stat. (1991). The state asserts that because de- *64 fendant was direct filed by information and convicted on the sexual battery count, a charge punishable by life imprisonment, he was not “transferred” from the juvenile to the adult system as that term is employed in section 39.059(7). Thus the state argues the defendant is subject to the nondiscretionary sentencing procedures in section 39.022(5)(c), Florida Statutes (1991). Section 39.022(5)(c), Fla.Stat. (1991) in pertinent parts reads:
[ (c)(1) ] A child of any age charged with a violation of Florida law punishable by death or by life imprisonment is subject to the jurisdiction of the courts as set forth in 39.049(7) unless and until an indictment on such charge is returnable by the grand jury. When such indictment is returned, the petition for delinquency, if any, shall be dismissed and the child shall be tried and handled in every respect as if he were an adult:
a. On the offense punishable by death or by life imprisonment.
[ (c)(3) ] If a child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as a adult.
Although the state charged defendant by information instead of indictment, the state, relying on Tomlinson v. State, 589 So.2d 362 (Fla. 2d DCA 1991), contends that the applicability of the statute focuses on the conviction for an offense punishable by life imprisonment and not the form of the charging document.
Prior to the 1981 amendments to laws of Florida, any child transferred for criminal prosecution pursuant to a waiver hearing, indictment or information, was entitled to written reasons and findings of fact to justify adult sanctions. See sections -39.02[2] (5)(d) & (6) Fla.Stat. (1979). Chapter 81-269, section 1, Laws of Florida, amended section 39.-02(5)(d) by deleting the word “indictment” and creating subsection (5)(c)(3), which specifically enumerated sentencing criteria of “indictable” children upon conviction. Duke v. State, 541 So.2d 1170, 1171 (Fla.1989).
By enacting 39.02(5)(c)(3), the legislature intended to particularize sentencing criteria for indicted children upon conviction. Tomlinson, 589 So.2d at 363. As a result, children indicted of a crime punishable by death or life imprisonment are no longer considered “transferred” within the meaning of Chapter 39 and must be sentenced as an adult. See Boudreau, v. State, 546 So.2d 1152 (Fla. 2d DCA 1989) (discussing Duke, 541 So.2d at 1170). However, children brought before the criminal court by information filed by the state are considered “transferred” and entitled to the sentencing protections in 39.059(7). Because defendant was brought before the criminal court on a direct filed information, he was entitled to be sentenced pursuant to section 39.059(7). Thus, the trial court erred in sentencing defendant as an adult without first providing written reasons and findings of fact to support imposition of adult sanctions.
It is apparent from the record that the trial court failed to follow the sentencing procedures of section 39.059(7) for which defendant was entitled. Therefore, we vacate defendant’s sentence and remand this case .to the trial court with instructions to resentence defendant pursuant to the procedures set out in section 39.059(7), Florida Statutes (1991). In all other respects we find no error in the trial court’s proceeding,
Affirmed in part, reversed in part, with directions.

. Prior to trial, the state nol prossed the second count of aggravated assault (Count IV).

. Section 39.02 was repealed and replaced by section 39.022, effective October 1, 1990, Ch. 90-208, Laws of Florida.