651 So.2d 167 (1995)
Randall Evan RITCHIE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1866.
District Court of Appeal of Florida, First District.
February 21, 1995.
Spiro T. Kypreos, Pensacola, for appellant.
*168 Robert A. Butterworth, Atty. Gen., Douglas Gurnic, Asst. Atty. Gen., Office of the Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Randall Evan Ritchie, contends that his sentence for second degree murder is invalid, because the trial court failed to comply with the statutory requirements provided in section 39.059(7)(c), Florida Statutes (1993), for sentencing him as an adult. We hold that because appellant was convicted of a lesser offense to that charged, which is punishable by a maximum sentence of life imprisonment, the trial court was not required to comply with the sentencing criteria of section 39.059(7)(c), pertaining to the child's suitability for the imposition of adult sanctions, and, therefore, we affirm Ritchie's sentence.
Ritchie was charged by amended information with the premeditated first degree murder of his adoptive father, which occurred on July 5, 1993, when Ritchie was 16 years old. He was thereafter tried as an adult, and the jury found him guilty of the lesser included offense of second degree murder with a firearm. Ritchie was sentenced as an adult to 20 years in prison, with a mandatory minimum of three years for use of a firearm, followed by ten years of probation. The court entered no oral findings or written order concerning the imposition of adult sanctions.
Section 39.022(5)(c), Florida Statutes (1993), was in effect at the time of the offense in this case. That statute provides, in pertinent part, as follows:
3. If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult. If the child is not found to have committed the indictable offense but is found to have committed a lesser included offense or any other offense for which he was indicted as a part of the criminal episode, the court may sentence as follows:
a. Pursuant to the provisions of s. 39.059;
b. Pursuant to the provisions of chapter 958 [as a youthful offender], notwithstanding any other provisions of that chapter to the contrary; or
c. As an adult, pursuant to the provisions of s. 39.059(7)(c).
The determination of the issue on appeal turns on the proper interpretation of the language of subsection (5)(c)(3): whether appellant's sentence falls under the first portion of the above subsection, i.e., he was convicted of an offense punishable by death or life imprisonment, for which he "shall be sentenced as an adult," or whether his sentence is controlled by the remaining portion thereof, that is, he was found not to have committed the indictable offense, but rather a lesser included offense thereof, for which he may be sentenced "[a]s an adult, pursuant to the provisions of s. 39.059(7)(c)."
Ritchie contends that his sentence for second degree murder is governed by the latter part of the statute as he was convicted of a lesser included offense; therefore, under the clearly stated language of the statute, the trial court was required to sentence him in accordance with the provisions of section 39.059(7)(c), Florida Statutes (1993), mandating that the court make written findings regarding the specific statutory criteria and give reasons for the imposition of adult sanctions.
The state, on the other hand, argues that Ritchie's sentence is governed by the first part of section 39.022(5)(c)(3), and even though he was not convicted of the indictable offense (first degree premeditated murder), he nevertheless was convicted of an offense punishable by life imprisonment (second degree murder) and therefore was properly sentenced as an adult without the necessity of any written findings for the imposition of adult sanctions.
The state relies on Tomlinson v. State, 589 So.2d 362 (Fla. 2d DCA 1991), review denied, 599 So.2d 1281 (Fla. 1992), which involved a similar fact pattern wherein the defendant was indicted for first degree murder, but found guilty of the lesser included offense of second degree murder. That defendant was sentenced as an adult and complained on appeal that the court failed to comply with the procedural safeguards for imposing adult *169 sanctions. The Second District rejected that argument, concluding from its examination of the statute that the legislature intended for all children convicted of offenses punishable by death or life imprisonment to be sentenced as adults without entitlement to the special provisions of chapter 39. Id. at 363 (citing Duke v. State, 541 So.2d 1170 (Fla. 1989)).
Although Ritchie attempts to distinguish Tomlinson, because it dealt with the 1989 version of section 39.022(5)(c)(3), which did not reference section 39.059(7)(c),[1] a close reading of Tomlinson indicates that the defendant was sentenced pursuant to the first sentence of section 39.022(5)(c)(3), not the remainder, which refers to the court's "discretionary sentencing power." Thus, Tomlinson is directly on point and supports affirmance. Moreover, we note that the result in Tomlinson is consistent with the following statement in Duke v. State, 541 So.2d 1170, 1171 (Fla. 1989), observing that "[c]hildren of any age who are convicted of offenses punishable by death or life imprisonment shall be sentenced as adults. They shall not be sentenced as youthful offenders and are not subject to the provisions of section 39.111 [now 39.059(7)(c)]." (Emphasis in original.)
Although we elect to follow Tomlinson and affirm Ritchie's sentence, we have some doubt as to whether Tomlinson appropriately interpreted section 39.022(5)(c)(3). Specifically, we are concerned about certain language in the latter portion of section 39.022(5)(c)(3), namely, that the child was not found to have committed "the indictable offense but [was] found to have committed a lesser included offense." (Emphasis added.) Ritchie was not found guilty of "the indictable offense" (first degree premeditated murder), but was found guilty of "a lesser included offense" (second degree murder). Given the strict construction generally accorded to penal statutes and the fact that the Second District did not expound on "the indictable offense" language cited above in Tomlinson, we find merit in Ritchie's contention that his sentence is controlled by the latter portion of the statute; therefore, the court was required to comply with section 39.059(7)(c) and make written findings to support the imposition of adult sanctions.
Because we have difficulty in concluding that this penal statute is free from ambiguity, we certify the following question to the supreme court as one of great public importance:
WHETHER A CHILD, CHARGED WITH AN OFFENSE PUNISHABLE BY DEATH OR LIFE IMPRISONMENT, BUT FOUND GUILTY OF A LESSER INCLUDED OFFENSE, PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE, MUST BE SENTENCED AS AN ADULT WITHOUT THE PROCEDURAL SAFEGUARDS AFFORDED BY SECTION 39.059(7)(c), FLORIDA STATUTES?
AFFIRMED.
MINER, J., concurs.
WOLF, J., specially concurs with opinion.
WOLF, Judge, specially concurring.
While I agree that the statute is not a model of clarity, the result we reach is the only logical way to interpret the statute. If we were to accept the arguments submitted by appellant, a person originally indicted for a more severe offense (first-degree murder) and later found guilty of a lesser-included offense (second-degree murder with a firearm), would be entitled to greater protection from being sentenced as an adult than a person who was originally indicted for and found guilty of second-degree murder with a firearm. The only difference in the two situations is that the grand jury would have found the first person to be more culpable. It does not make good common sense to provide the more culpable person with greater procedural protections prior to adult sentencing.
NOTES
[1] Prior to 1991, section 39.02(5)(c)(3)(c) provided the court could sentence the child "[a]s an adult," but in 1991 the statute was renumbered and amended to add the reference to section 39.059(7)(c), i.e., "[a]s an adult, pursuant to the provisions of s. 39.059(7)(c)." See generally Tomlinson; § 39.02(5)(c)(3)(c) & 39.022(5)(c)(3)(c), Fla. Stat. (1989 & 1991).