PER CURIAM.
This cause is before us on appeal from appellant Knowles’ departure sentence for second-degree murder. Knowles was originally found guilty on two counts of first-degree murder and sentenced to death on *593 both counts. Knowles v. State, 632 So.2d 62 (Fla.1993). As relevant to this appeal, the Florida Supreme Court reversed one of Knowles’ first-degree murder convictions,[1] and remanded for reduction of that conviction to second-degree murder and for resen-tencing in connection with that conviction. Id. at 67-68.
At his resentencing hearing on April 21, 1994, Knowles requested a guidelines sentence for his second-degree murder conviction; however, the trial court sentenced Knowles to life imprisonment, to run concurrently with his existing life sentence for first-degree murder. See footnote 1, supra. Written under the “Reasons for Departure” section of Knowles’ scoresheet was the word “(attached)”, and attached to the scoresheet was a copy of Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). Knowles’ score-sheet does not indicate when it was prepared, but reflects that it was filed on July 14, 1994.
We remand to the trial court for clarification as to when the scoresheet was actually prepared, see State v. Lyles, 576 So.2d 706, 708 (Fla.1991),[2] as well as for clarification of the reasons for departure reflected on the scoresheet, which we find to be ambiguous. Cookston v. State, 639 So.2d 100, 101 (Fla. 5th DCA 1994), rev. denied, 649 So.2d 232 (Fla.1994).
REMANDED FOR CLARIFICATION.
BOOTH, LAWRENCE and VAN NORTWICK, JJ., concur.

. The Florida Supreme Court upheld Knowles’ other first-degree murder conviction, but vacated his death sentence for that conviction and remanded for imposition of a life sentence without eligibility for parole for 25 years. Knowles, 632 So.2d at 67-68.

. Receded from on other grounds, Smith v. State, 598 So.2d 1063 (Fla.1992).