670 So.2d 924 (1996)
Randall Evan RITCHIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 85358.
Supreme Court of Florida.
March 28, 1996.
*925 Nancy A. Daniels, Public Defender and Saundra G. Swift, Assistant Public Defender, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Criminal Appeals and Douglas Gurnic, Assistant Attorney General, Tallahassee, for Respondent.
WELLS, Justice.
We have for review Ritchie v. State, 651 So.2d 167 (Fla. 1st DCA 1995), presenting the following question certified to be of great public importance:
WHETHER A CHILD, CHARGED WITH AN OFFENSE PUNISHABLE BY DEATH OR LIFE IMPRISONMENT, BUT FOUND GUILTY OF A LESSER INCLUDED OFFENSE, PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE, MUST BE SENTENCED AS AN ADULT WITHOUT THE PROCEDURAL SAFEGUARDS AFFORDED BY SECTION 39.059(7)(c), FLORIDA STATUTES?
Id. at 169. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and we answer the question in the affirmative.
Randall Evan Ritchie was charged by indictment [1] with the first-degree murder of his adoptive father, which occurred on July 5, 1993, when Ritchie was 16 years old. He was tried as an adult and found guilty of the lesser included offense of second-degree murder with a firearm. Ritchie was then sentenced as an adult to twenty years in prison with a mandatory minimum of three years for use of a firearm, to be followed by ten years of probation. The trial court entered no oral or written findings concerning the imposition of adult sanctions.
On appeal, Ritchie and the State debated the proper interpretation of section 39.022(5)(c)3., Florida Statutes (1993), which provides as follows:

*926 3. If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult. If the child is not found to have committed the indictable offense but is found to have committed a lesser included offense or any other offense for which he was indicted as a part of the criminal episode, the court may sentence as follows:
a. Pursuant to the provisions of s. 39.059;
b. Pursuant to the provisions of chapter 958, notwithstanding any other provisions of that chapter to the contrary; or
c. As an adult, pursuant to the provisions of s. 39.059(7)(c).
The State argued Ritchie was properly sentenced as an adult pursuant to the first portion of section 39.022(5)(c)3., because he committed an offense punishable by death or life imprisonment. Ritchie argued that because he was found not to have committed the offense for which he was indicted, but rather a lesser included offense, his sentence fell under the remaining portion of section 39.022(5)(c)3. Consequently, Ritchie claims that he should have been sentenced pursuant to section 39.059(7)(c), Florida Statutes (1993). That section requires the court, prior to any other determination of disposition, to decide the suitability or nonsuitability of adult sanctions based on a number of specific criteria.[2] Section 39.059(7)(d), Florida Statutes (1993), further requires that the court, at the time of sentencing, make written findings regarding the specific statutory criteria and give reasons for the imposition of adult sanctions. See Troutman v. State, 630 So.2d 528 (Fla.1993).[3]
The First District affirmed Ritchie's sentence based on Tomlinson v. State, 589 So.2d 362 (Fla. 2d DCA 1991), review denied, 599 So.2d 1281 (Fla.1992). In Tomlinson, the court recognized, in accordance with Duke v. State, 541 So.2d 1170 (Fla.1989), that by deleting the word "indictment" from section 39.02(5)(d), Florida Statutes (Supp.1980),[4] and enacting section 39.02(5)(c)3., Florida Statutes (1981),[5] the legislature had created *927 sentencing criteria for indicted children upon conviction which were separate and distinct from the Youthful Offender Act and section 39.111, Florida Statutes (1985).[6]Tomlinson, 589 So.2d at 363 (citing Duke, 541 So.2d at 1171). Children indicted and subsequently convicted of an offense punishable by death or life imprisonment were thereafter to be sentenced as adults without entitlement to the procedural safeguards provided by section 39.111. Duke, 541 So.2d at 1171. The Tomlinson court also recognized, in accordance with Ringel v. State, 366 So.2d 758 (Fla.1978), that the language "punishable by death or by life imprisonment" as used in section 39.02(5)(c)3., includes first-degree felonies for which life imprisonment is the maximum punishment. Tomlinson, 589 So.2d at 363. Accordingly, the court held that Tomlinson, who, like Ritchie, was indicted for first-degree murder but was convicted of second-degree murder with a firearm, was properly sentenced as an adult without the procedural safeguards afforded juveniles by section 39.111(7), Florida Statutes (1987). See id., at 363-64.
We agree with the district court's reliance on Tomlinson, and we hold that pursuant to section 39.022(5)(c)3., Florida Statutes (1993), a child who is indicted and subsequently convicted of an offense punishable by death or life imprisonment is to be sentenced as an adult without reference to section 39.059(7)(c), Florida Statutes (1993), which beginning in 1990 replaced section 39.111. The trial court has no discretion with regard to this determination. As indicated by Tomlinson, this holding is consistent with Duke, in which we stated, "[c]hildren of any age who are convicted of offenses punishable by death or life imprisonment shall be sentenced as adults. They shall not be sentenced as youthful offenders and are not subject to the provisions of section 39.111, Florida Statutes (1985)." Duke, 541 So.2d at 1171.
The court in Ritchie, however, questioned whether Ritchie's sentence might be controlled by the second portion of section 39.022(5)(c)3., given the strict construction generally afforded penal statutes and the possibility, which Tomlinson did not expound upon, that the term "the indictable offense" as used in the second sentence of section 39.022(5)(c)3. referred to the offense for which Ritchie was actually indicted. Ritchie, 651 So.2d at 169. We find that the term "indictable offense" in the second sentence of this statute refers to an "offense punishable by death or by life imprisonment" as referred to in the first sentence of the statute. Pursuant to this interpretation, "indictable offense" includes not only the offense for which the defendant was originally charged but any offense punishable by death or life imprisonment. Only when a juvenile charged by indictment with an offense punishable by death or life imprisonment is found to have committed a lesser offense to which a sentence of death or life imprisonment is not applicable does a trial court have the discretion to sentence pursuant to one of the three sentencing alternatives provided under the second portion of section 39.022(5)(c). Accordingly, a juvenile such as Ritchie who was indicted for one offense but convicted of a lesser included offense which is also punishable by death or life imprisonment,[7] is properly sentenced as an adult without the procedures afforded by section 39.059(7). This interpretation of the statute, in addition to being consistent with this Court's decision in Duke and the Second District's decision in Tomlinson, is internally consistent with section 39.022(5)(c)(1) and (2).
The contrary interpretation asserted by Ritchie and questioned by the district court would not only create conflict within the statute but, as Judge Wolf in his concurring opinion points out, would lead to illogical results:
If we were to accept the arguments submitted by appellant, a person originally *928 indicted for a more severe offense (first-degree murder) and later found guilty of a lesser-included offense (second-degree murder with a firearm), would be entitled to greater protection from being sentenced as an adult than a person who was originally indicted for and found guilty of second-degree murder with a firearm. The only difference in the two situations is that the grand jury would have found the first person to be more culpable. It does not make good common sense to provide the more culpable person with greater procedural protections prior to adult sentencing.
Ritchie, 651 So.2d at 169 (Wolf, J., specially concurring).
Accordingly, we conclude that the trial court properly sentenced Ritchie as an adult without the special protections afforded to juveniles by section 39.059, Florida Statutes (1993), and we approve the decision of the district court to the extent that it is consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON and HARDING, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which SHAW and KOGAN, JJ., concur.
ANSTEAD, Justice, dissenting.
Contrary to the plain language and meaning of the statute, the majority holds "that pursuant to section 39.022(5)(c)3., Florida Statutes (1993), a child who is indicted and subsequently convicted of an offense punishable by death or life imprisonment is to be sentenced as an adult without reference to section 39.059(7)(c), Florida Statutes (1993).... The trial court has no discretion with regard to this determination." Majority op. at 6 (emphasis added). In so holding, the majority has judicially amended the statute by substituting the word "an" in place of "the" in section 39.022(5)(c)3.:
The [district] court in Ritchie, however, questioned whether Ritchie's sentence might be controlled by the second portion of section 39.022(5)(c)(3), given the strict construction generally afforded penal statutes and the possibility, which Tomlinson did not expound upon, that the term "the indictable offense" as used in the second sentence of section 39.022(5)(c)(3) referred to the offense for which Ritchie was actually indicted. Ritchie, 651 So.2d at 169. We find that the term "indictable offense" in the second sentence of this statute refers to an "offense punishable by death or by life imprisonment" as referred to in the first sentence of the statute. Pursuant to this interpretation, "indictable offense" includes not only the offense for which the defendant was originally charged but any offense punishable by death or life imprisonment.
Id. at 927. In this analysis, the majority has simply ignored the word "the" modifying the term "indictable offense."
We are obligated to strictly construe section 39.022(5)(c) and give effect to its plain meaning. See Perkins v. State, 576 So.2d 1310, 1312-13 (Fla.1991) ("This principle [of statutory construction] can be honored only if criminal statutes are applied in their strict sense, not if the courts use some minor vagueness to extend the statutes' breadth beyond the strict language approved by the legislature."); State v. Jackson, 526 So.2d 58, 59 (Fla.1988) (holding criminal statutes are to be strictly construed according to their letter); § 775.021(1), Fla.Stat. (1995) ("The provisions of this code and offenses defined by other statutes shall be strictly construed...."). Section 39.022(5)(c)3. is not ambiguous. The statute clearly states that a child is not to be automatically sentenced as an adult when the child is not found to have committed the indictable offense, but is only found to have committed a lesser included offense.
While recognizing that section 39.022(5)(c), as it is presently written, may produce a disparity in treatment by providing greater procedural protections to a person indicted for a more severe offense and convicted of a lesser charge than a person indicted and convicted of a less severe offense, we are not at liberty to rewrite the statute as the majority has done here. See Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991) ("Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute."). It is solely the province of the legislature, if it desires, to address any disparity created by section 39.022(5)(c).
*929 In this instance, section 39.022(5)(c)3. provides that the child still may be sentenced as an adult, but only pursuant to the procedural safeguards set out in section 39.059(7)(c). That is, the trial court must make written findings supporting the imposition of adult sanctions upon the child. See § 39.059(7)(c), (d). There is nothing patently unreasonable or burdensome in the legislature's requirement that the decision to sentence a child as an adult be the product of a meaningful and child-specific analysis. The courts have been doing this for years.
In this case, Ritchie was indicted for an offense "punishable by death or life imprisonment," but only found to have committed a lesser included offense. Contrary to the plain language of section 39.022(5)(c)3., the trial court erroneously believed Ritchie was automatically subject to adult sanction and sentenced him as an adult without a written order supporting the adult sanction. Because the trial court sentenced Ritchie as an adult without entering a written order as statutorily required under section 39.022(5)(c)3., Ritchie's sentence should be vacated and the case remanded to the trial court so that Ritchie may be sentenced properly. See § 39.059(7)(c).
SHAW and KOGAN, JJ., concur.
NOTES
[1] The district court opinion states that Ritchie was charged by amended information, when in fact he was charged by indictment.
[2] The criteria to be considered in determining the suitability of adult sanctions include:

1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts;
b. Prior periods of probation or community control;
c. Prior adjudications that the child committed a delinquent act or violation of the law; and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children.
§ 30.059(7)(c), Fla.Stat. (1993).
[3] Our decision in Troutman was superseded by chapter 94-209, section 51, Laws of Florida (1994), effective October 1, 1994, which amended section 39.059(7)(d), Florida Statutes (1993), to read:

(d) Any decision to impose adult sanctions must be in writing, but it is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.
§ 39.059(7)(d), Fla.Stat. (Supp.1994). The amendment however is not applicable to the instant case.
[4] Section 39.02(5)(d), Florida Statutes (Supp. 1980), which governed the transfer of juveniles to the adult system, was amended by chapter 81-269, section 1, Laws of Florida (1981). Prior to the amendment the statute provided that a child shall be treated as an adult if "transferred for criminal prosecution pursuant to waiver hearing, indictment, or information." § 39.02(5)(d), Fla. Stat. (Supp.1980) (emphasis added). Section 39.02(5)(d), in its amended form, was later repealed by chapter 90-208, section 17, Laws of Florida, and reenacted as section 39.022(5)(d) by chapter 90-208, section 5, Laws of Florida.
[5] Like section 39.02(5)(d), section 39.02(5)(c)(3) was repealed by chapter 90-208, section 17, Laws of Florida, effective October 1, 1990 and reenacted as section 39.022(5)(c)(3) by chapter 90-208, section 5, Laws of Florida. The renumbered statute was also amended to add reference to section 39.059(7)(c). Ch. 90-208, § 5, Laws of Fla.
[6] Like section 39.02, section 39.111 was repealed by chapter 90-208, section 17, Laws of Florida, and reenacted as section 39.059 by chapter 90-208, section 5, Laws of Florida.
[7] Ritchie was convicted of second-degree murder with a firearm, which is a first-degree felony punishable by a life sentence. See § 782.04(2), Fla.Stat. (1993) (providing that second-degree murder is punishable by imprisonment for a term of years not exceeding life); see also Merchant v. State, 509 So.2d 1101 (Fla.1987); Tomlinson, 589 So.2d at 363.