FRANK, Judge.
Sylvester Dunson has claimed on appeal that his sentences imposed following violation of probation infringed upon his constitutional protection against double jeopardy. We agree and reverse and remand for resentenc-ing.
Dunson’s criminal escapades began in 1991 when he was placed on probation for three offenses. After violating probation shortly thereafter, he was placed on community control. When he subsequently violated community control, he was sentenced in September of 1992 to three sentences of five years and two sentences of seven years in prison, all of which were to run concurrently, for case numbers 91-6552, 91-1266 and 92-7852. This sentence, in excess of the guidelines, was imposed pursuant to a negotiated plea.
In April of 1993, after Dunson had commenced serving the sentence last imposed, the trial court entered an order of modification of sentence placing defendant on probation, as requested by the Department of Corrections. The effect of this order was to classify Dunson as a youthful offender to allow him to take advantage of the boot camp program under section 985.04(4), Florida Statutes (1991). The order notified him that the court could rescind or modify any condition of probation or extend the probationary period as authorized by law. Furthermore, the order warned Dunson that he could be arrested and adjudicated guilty, and the court could impose any sentence it could have imposed before placing him on probation.
Dunson entered the boot camp program and was placed on probation. When he violated probation once again, the trial court adhered to the language of the order and imposed a cumulative sentence of twelve years’ incarceration for the three cases. Dunson’s attorney argued that the court was prohibited from requiring an incareerative period greater than that to which Dunson was originally sentenced (and which he had begun serving). The State, however, convinced the judge that she was authorized by section 985.04(4), Florida Statutes (1991), and her previous order, to impose any term that could originally have been imposed.
The Fifth District squarely faced this issue in Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991). Johnson (unlike Dunson) was originally sentenced as a youthful offender to thirty months’ incarceration. A subsequent probation modification order was issued, as in this ease, pursuant to section 985.04(4)(e). Upon violation of probation, Johnson was sentenced to forty-two months in prison. The Fifth District held that the increased sentence violated double jeopardy:
Once a defendant has commenced the service of a valid sentence the court cannot, constitutionally, again sentence him for “the same offense,” or make the original sentence more onerous. The legislature cannot authorize a violation of this fundamental constitutional right and section 958.04(4)(e) cannot constitutionally authorize, even after violation of probation, a second sentence imposing punishment more onerous or severe than that which has been imposed by a prior valid sentence on the same conviction of what is factually, legally and constitutionally “the same offense.”
574 So.2d at 223. The Johnson court then vacated the forty-two-month sentence and reinstated the prior thirty-month sentence.
When Dunson was originally sentenced to seven years of confinement, his expectation was that he would be released at the completion of that period. The boot camp probationary term was a suspension of the original sentence and, upon its violation, he could be committed to serve only the remainder of his original sentence. See Poore v. State, 531 So.2d 161 (Fla.1988). Thus, the trial court erred in sentencing Dunson to twelve years after he had begun serving the seven-year sentence.
Dunson has also raised an issue concerning credit for time served. Upon remand, the trial court may give Dunson credit for time previously served in prison but not for any time served on probation. See Young v. State, 697 So.2d 75 (Fla.1997); State v. Summers, 642 So.2d 742 (Fla.1994); Poore.
*1197 Thus, Dunson’s sentence is vacated and the matter is remanded for reinstatement of the remainder of the sentence imposed on September 10, 1992, in case numbers 92-7852, 91-1266, and 91-6552.
DANAHY, A.C.J., and WHATLEY, J., concur.